1839.

Bonaffe
v.
Fowler.

---

### Bonaffe & Boisgerard *vs.* Fowler and others..

A judgment recovered against a corporation, after it has been dissolved, is not even *prima facie* evidence of a debt due from the corporation at the time of its dissolution; for the purpose of charging those who were then stockholders of the company with the amount of the judgment, in a subsequent suit against them.

Where the vice-president of a manufacturing corporation, after it had become insolvent, gave a note to his clerk, under the seal of the corporation, for an alleged debt due to himself; for the purpose of charging the stockholders of the company personally with the payment of the note ;. *Held*, that the note, was not evidence of a debt due to the officer of the company who affixed the seal of the corporation thereto ; and that the persons to whom he had transferred the note by assignment, could not recover the amount thereof from the stockholders, after the dissolution of the corporation, without proving that it was given for a debt actually due.

THIS was an appeal by the complainants, from a decree of the vice chancellor of the first circuit dismissing their bill in this cause. The object of the suit was to charge the defendants personally with a debt alleged to be due to the complainants from an insolvent manufacturing corporation, of which the defendants were stockholders at the time of its dissolution. The bill alleged, that the company was incorporated in 1825, under the general act of March, 1811, by the name of the New-York Laboratory Association, and commenced the manufacturing of white lead, &c.; that the company in transacting its business became indebted to the complainants, in the sum of $5,000, for which it gave unto them a sealed note, in December, 1827, payable to the order of Wm. A. Wishart, on demand; that in January, 1829, the complainants commenced an action in the superior court of New-York, against the corporation, in the name of Wishart, and in March of the same year they recovered judgment for the amount of the note, with interest and costs; that on the 26th of November, 1828, the company was duly dissolved, and that the defendants in this suit were then stockholders of the company, for the number of shares respectively stated in the bill. Several of the defendants who were solvent put in their answers, admitting the incorporation of the company and that they were stockholders for the number of shares stated in the bill, and that a judgment was recovered against the company, as therein stated, in the name of Wishart. But they denied that the company were ever indebted to the complainants; and they set up as a defence, that the sealed note was given under a fraudulent arrangement between the defendant Cazeaux, as vice president of the company, and the complainants, to Wishart the clerk of the former, for a pretended debt due to Cazeaux from the company, and for the purpose of charging the stockholders with that debt. Replications were filed to the answers; and the cause was heard upon pleadings and proofs as to the defendants who had answered.

*J. Anthon,* for the complainants. The defendants being stockholders, are liable for the debts of the company to the

1839.

Bonaffe
v.
Fowler.

May 7.

extent of their respective shares of the stock. The indebtedness of the corporation to Cazeaux is fully established. And he, as vice president of the company, was authorized to draw the note in question. So far as this act required ratification, it was ratified by the acquiesence of the directors, and by the cognovit which was given by the attorney of the corporation, in the suit in the supreme court. The complainants in the present suit were bona fide creditors of Cazeaux, and are the bona fide owners of the obligation in question, by a transfer thereof to them before the dissolution of the company ; and they thereby became creditors of the corporation. That transfer was also an assignment to *them of so much of the debt due to Cazeaux by the company.* The judgment is conclusive against the defendants— there being both authority and ratification in fact.

*T. Sedgwick & W. H. Maxwell* for the defendants. The judgment stated in the bill is inoperative as against the defendants. The answer, shows that it was obtained by a fraudulent concealment of the facts which occurred at the creation of the note on which the judgment was obtained ; of which facts the directors and stockholders were ignorant, until after the rendition of that judgment. The proofs show fraud and concealment on the part of Cazeaux, and of the complainants or one of them, in procuring the note of the company. But if no fraud or concealment is shown, yet, as against the defendants the judgment is not conclusive. It is not only not between the same parties, but no privity existed between the parties to the suit at law and the present defendants ; or if any privity existed between the plaintiff at law and the defendants in this suit, none existed as between them and the present complainants. If Wishart was a mere nominal plaintiff, and sued as trustee, he was only trustee for Boisgerard the endorsee of the note, and Bonaffe as a third person was a stranger to the proceeding at law.

Under the act of incorporation, the stockholders are responsible only for debts actually and bona fide due and owing by the company at the time of its dissolution. The company had no authority, by its charter, to issue notes or bills.

The note in question was not issued by the authority of the directors, but was entirely unknown to them. It was issued by Cazeaux, to pay a private debt of his own, with which the company had no concern. The complainants, by their agent, had sufficient notice that he intended to issue the note illegally, and that the issuing of it was a fraud upon the directors and stockholders.

THE CHANCELLOR. Upon an examination of the evidence in this cause, I think the vice chancellor came to a correct conclusion, in dismissing the bill as against the defendants who appeared and defended the suit. The judgment recovered in the name of Wishart, in a suit commenced against the corporation more than two months after the time when it is alleged in the bill that such corporation was *duly dissolved*, I think should not be considered even prima facie evidence to charge these defendants personally, as stockholders at the time of the dissolution. In *Slee* v. *Bloom*, (19 *John. Rep.* 456,) the debt for which the judgment was recovered was not disputed, and it was recovered previous to the time of dissolution upon which the decree of the court for the correction of errors was based. Spencer J., whose opinion prevailed in that case, fixes the time of the dissolution of the company, for the purpose of charging those who were then stockholders, on the 1st of February, 1818, when all the property of the corporation was sold under that judgment.

If we are at liberty to look behind this judgment, and see what was the situation of the parties in November, 1828, when the bill alleges that these defendants became liable as stockholders, on the dissolution of the corporation, which then took place, it is evident the complainants have not shown a case that entitled them to recover. The allegation in the bill, that the sealed note was given for a debt due to the complainants from the company, is wholly contradicted by the proof. On the contrary, it appears that Cazeaux, the vice president, made this note, payable to his own clerk, not for a debt due from the company to the complainants but for his own private debt to them; under the pretence that the company owed him a much larger debt.

If the complainants had proved that a debt to that extent was then actually due to him, perhaps his general authority to sign notes or bills for the corporate debts, might have authorized him to transfer a debt admitted to be due to himself, by giving a note therefor to a third person to whom he was indebted. But the giving such a note is not evidence that any thing was due from the company to himself, so as to authorize such a transfer. And as the agent of the complainants took the note for the mere purpose of getting a claim against the company, to charge its stockholders, the *onus* of showing that the debt was actually due, was upon the complainants.

The corporation being insolvent at the time, the complainants could not in any event be in a better situation, as against the stockholders, than Cazeaux himself would have been if the note had not been made and he had himself filed a bill against the other stockholders, to compel contribution. In that case, it is very evident that Cazeaux would have been required to show that he had a debt against the company which was more than the amount of his contributory share, with the solvent stockholders, of all the debts due by the corporation, including his own; and after all equitable claims and offsets against him had been allowed. Here the complainants have not been able to satisfy me that this debt was due from the company to Cazeaux; much less that the company was indebted to them in the sum of $5,000, for which the note was given. As the note was given to Cazeaux's clerk, and not directly to them, the allegation in the bill, that the corporation owed them the amount for which the note was taken in the name of the clerk for their benefit, is a material averment, which must be proved as laid, to enable them to succeed. And I am inclined to think that averment would not have been supported, even if they had proved that the note was given for a debt justly due from the company to Cazeax; as it was not originally given for their benefit.

For these reasons, the decree must be affirmed, with costs as to the defendants who appeared and answered, and who appeared by their counsel on the hearing of this appeal. I

presume it was not the intention of the vice chancellor to direct the bill to be dismissed, as against Cazeaux and the other defendants against whom the bill had been taken as confessed. But if the complainants' counsel supposes that such is the effect of the decree appealed from, he may have it reversed as to those defendants. And may also apply to the vice chancellor for such decree as the complainants are entitled to against them, or any of them; after obtaining a master's report of the truth of the facts alleged in his bill against such of them as were proceeded against as absentees. The proceedings are to be remitted to the vice chancellor.