Charles W. Martyne, Appellant, v. American Union Fire Insurance Company of Philadelphia, Defendant.

Charles Johnson, Commissioner of Insurance of Pennsylvania, Respondent.

Corporations — comity — attachment — dissolution of foreign fire insurance company doing business in this state — statute of foreign state that liquidation of insolvent insurance companies shall be made by insurance commissioner of that state for benefit of creditors thereof — such commissioner vested with title to property of company for that purpose and attachment will not be issued against property of company within this state.

1. The transactions of a corporation of a foreign state doing business in this state are dependent upon our statute law and generally, in the absence of a statutory rule, upon the rule of comity. The reasons for extending the rule of comity between the states are constantly increasing and it should when practicable be extended and not curtailed.

2. A statute of the state of Pennsylvania provides for the dissolution of insurance corporations and that the liquidation shall be made by and under the direction of the insurance commissioner, and that he "shall be vested by operation of law with title to all the property, contracts and rights of action of such corporation as of the date of the order so directing him to liquidate." That statute, together with the order of the court by which an insurance corporation was dissolved, and the title of all of its property became

vested in the insurance commissioner for the purpose of its division among the creditors of such corporation, is to be treated as binding upon the creditors of that corporation in this state.

3. The statutes of this state in regard to the liquidation and dissolution of insurance corporations are similar and in substantial accord with the statutes of Pennsylvania. Under the principle of comity the property of an insolvent insurance company organized in that state which is there being liquidated by the insurance commissioner became impressed with a trust in favor of all its creditors and the property of such corporation in this state is not subject to an attachment by a creditor whereby he would obtain a preference.

*Martyne* v. *American Union Fire Ins. Co.*, 168 App. Div. 380, affirmed.

(Argued October 4, 1915; decided November 16, 1915.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 14, 1915, which affirmed an order of Special Term granting a motion made by the commissioner of insurance of the commonwealth of Pennsylvania to set aside the service of the summons, warrant of attachment, and the levy and other acts and proceedings had or taken by the plaintiff in this action.

The Appellate Division in the order granting leave to appeal to this court has certified that in its opinion the following questions of law ought to be reviewed by the Court of Appeals, viz.:

"1. Did a right of action to recover return premiums accrue to policyholders of the American Union Fire Insurance Company by reason of its insolvency and the proceedings against it in the Court of Common Pleas, Dauphin county, Pennsylvania, and if so, when?

"2. Did the dissolution of the American Union Fire Insurance Company on the 27th day of March, 1913, by reason of the entry that day of a certified copy of the order of March 26th, 1913, made by the Court of Common Pleas of Dauphin county, Pennsylvania, make it impossible thereafter for New York creditors of the American Union Fire Insurance Company to commence

and maintain actions against the American Union Fire Insurance Company in the courts of the state of New York for the purpose of pursuing their remedies by attachment against property of said American Union Fire Insurance Company found within the jurisdiction of the state of New York ?

"3. In view of the order made and entered in the Supreme Court, county of New York, April 12th, 1913, has Charles Johnson, commissioner of insurance of the state of Pennsylvania, any standing to make the motion granted by the order appealed from ?

"4. Is the debt due from the Warsaw Fire Insurance Company to the American Union Fire Insurance Company property subject to attachment in New York state in an action of contract against the American Union Fire Insurance Company as a foreign corporation ?

"5. Should the court have granted the motion herein to have the service of the summons and the order of publication and the warrant of attachment herein declared null and void and vacated ? "

The American Union Fire Insurance Company was duly incorporated in the commonwealth of Pennsylvania May 5, 1910, and soon thereafter commenced the business of issuing fire insurance policies. It was duly authorized to transact the business of insurance in this state. In 1911 it entered into a reinsurance agreement with the Warsaw Fire Insurance Company, a foreign insurance corporation. On March 10, 1913, pursuant to the laws of Pennsylvania the attorney-general of that state on the application of the insurance commissioner in which application he alleged that the American Union Fire Insurance Company was insolvent and that its further transaction of business would be hazardous to its policyholders, to its creditors, and to the public, obtained an order from the Court of Common Pleas of Dauphin county, Pennsylvania, a court of original, general jurisdiction, requiring said company to show cause why the

courts should not order the liquidation of the business of said company and the dissolution of said corporation. The order to show cause enjoined and restrained the American Union Fire Insurance Company, its officers, agents and employees, pending the further order of the court from transacting any of the business of said company or disposing of any of its property. The order was returnable in said court on the 22d day of March, 1913, and was duly served on said corporation March 13, 1913. The insurance company filed an answer submitting itself to the order of the court. An order was duly made in the proceeding March 26, 1913, from which we quote:

"And it further appearing to the Court, after a full hearing from the testimony taken at said hearing, that the said American Union Fire Insurance Company is insolvent, and that its further transaction of business would be hazardous to its policyholders, its creditors, and the public; It is hereby ordered, adjudged and decreed that the said American Union Fire Insurance Company, a corporation chartered and existing under the laws of the Commonwealth, having its principal office in the City of Philadelphia, be and the same is hereby dissolved and its corporate existence ended, and the liquidation of the business of said corporation is hereby ordered; said liquidation to be made. by and under the direction of the Insurance Commissioner of the commonwealth and in accordance with the provisions of the Act of June 1, 1911, P. L. 599, and it is further ordered that said dissolution of said corporation shall take effect upon the entry of a certified copy of this order in the office of the prothonotary of the County of Philadelphia."

A certified copy of such order was entered in the office of the prothonotary of the county of Philadelphia March 27, 1913, at 10:05 A. M.

Prior to the dissolution of the American Union Fire Insurance Company there was due and owing from it to the Warsaw Fire Insurance Company for premiums upon

the business reinsured by said Warsaw Company a balance of upwards of $60,000.

As a result of the dissolution of the American Union Fire Insurance Company all the policies of fire insurance issued by said company which were theretofore in effect were canceled by operation of law, and under and pursuant to said agreement with said Warsaw Company a large sum of money became due from said Warsaw Company to the commissioner of insurance of Pennsylvania for return premiums upon policies reinsured by the Warsaw Company, making the Warsaw Company the debtor of the American Union Fire Insurance Company in a substantial amount.

Subsequent to March 27 the plaintiff in this action obtained from a large number of persons holding insurance policies written by said American Union Fire Insurance Company an assignment of their several claims for return premiums on the policies so canceled by the American Union Fire Insurance Company's dissolution. The total amount of the claims so assigned to the plaintiff in this action is $2,782.24.

This action was commenced and on April 5, 1913, a warrant of attachment was obtained in the action and a levy was made thereunder on the indebtedness due from the Warsaw Company to said commissioner of insurance. On April 12, 1913, the New York superintendent of insurance was on his application appointed liquidator of the American Union Company under section 63 of the Insurance Law of this state.

On November 7, 1914, the commissioner of insurance of Pennsylvania appeared specially in this action to have the service of the summons, attachment and levy, and all other proceedings in this action set aside and declared null and void. The motion was granted at the Special Term, and on appeal therefrom to the Appellate Division the order was unanimously affirmed. It is from such order of affirmance that the appeal is taken to this court.

*Edward Sandford* and *Wharton Poor* for appellant. Dissolution of the American Union Company by the Pennsylvania court's decree could not prevent the commencement and prosecution of actions in the state courts of New York *quasi in rem* against property of the American Union Company in New York. (*Hibernia Nat. Bank v. Lacombe,* 84 N. Y. 367; *Hammond v. Nat. Life Assn.,* 58 App. Div. 453; *Wulff v. Roseville Trust Co.,* 164 App. Div. 399; *Pennoyer v. Neff,* 95 U. S. 714.) Title to property of the American Union Company located in New York did not vest in the Pennsylvania commissioner of insurance by virtue of the dissolution proceedings in Pennsylvania. Neither the decree of the Pennsylvania court nor the statute of Pennsylvania under which it was made purports to transfer property outside the state of Pennsylvania. (*Ewen v. Thompson-Starrett Co.,* 208 N. Y. 245; *Am. Banana Co. v. United Fruit Co.,* 213 U. S. 347; *Wallace v. United El. Co.,* 211 Penn. St. 473; *Barth v. Backus,* 140 N. Y. 230; *Matter of Halsted,* 42 App. Div. 101; *Warner v. Jaffray,* 96 N. Y. 248; *Deering v. McKinnon Co.,* 165 N. Y. 78; *Willitts v. Waite,* 25 N. Y. 577; *Security Trust Co. v. Dodd, Mead Co.,* 173 U. S. 624.) The debt of the Warsaw Fire Insurance Company to the American Union Fire Insurance Company is and was property of the American Union Fire Insurance Company in the state of New York at the time it was attached in this case and was, therefore, subject to the levy made upon it. (*Morgan v. M. B. Life Ins. Co.,* 189 N. Y. 447; *L. & N. R. R. Co. v. Deer,* 200 U. S. 176; *Harris v. Balk,* 198 U. S. 215; *N. E. M. Life Ins. Co. v. Woodworth,* 111 U. S. 138; *India Rubber Co. v. Katz,* 65 App. Div. 349; *Martine v. Int. Life Ins. Soc.,* 53 N. Y. 339; *Lancaster v. Spotswood,* 41 Misc. Rep. 19; 86 App. Div. 627; *Flynn v. White & White Silver Co., Ltd.,* 122 App. Div. 780; *Lockwood v. U. S. Steel Co.,* 209 N. Y. 375.) The Pennsylvania commissioner of insurance has no standing, either in his

official capacity or as Pennsylvania receiver of the American Union Company, to make any motion in any action against that company in any New York court. (*Platt* v. *N. Y. & S. B. Ry. Co.*, 170 N. Y. 451; *Jones* v. *Blun*, 145 N. Y. 333; *Boynton* v. *Sprague*, 100 App. Div. 443; *Whittlesey* v. *Frantz*, 74 N. Y. 456; *Tyler* v. *Willis*, 33 Barb. 327; *Hobart* v. *Frost*, 5 Duer, 672; *Baker* v. *Brundage*, 79 Hun, 382; *Battershall* v. *Davis*, 31 Barb. 323; *Matter of Waite*, 99 N. Y. 433.)

*James E. Finegan* for respondent. The dissolution of the American Union Fire Insurance Company on March 27, 1913, upon the due entry of the said order of March 26, 1913, made it impossible for the plaintiff thereafter to sue the American Union in the state of New York, or to levy the alleged attachment herein sought to be vacated of record. (*Vanderpoel* v. *Gorman*, 140 N. Y. 563; *Wulff* v. *Roseville Trust Co.*, 164 App. Div. 399; *Blake* v. *McClung*, 172 U. S. 239; *People* v. *Granite Provident Assn.*, 41 App. Div. 257; 161 N. Y. 492; *Relfe* v. *Rundle*, 103 U. S. 222; *Supreme Council of the Royal Arcanum* v. *Green*, 237 U. S. 531; *Mumma* v. *Potomac Co.*, 8 Pet. 281; *Sturges* v. *Vanderbilt*, 73 N. Y. 384; *People* v. *Life Ins. Co.*, 106 N. Y. 619; *Rodgers* v. *Ins. Co.*, 148 N. Y. 34; *Sinnott* v. *Hanan*, 156 App. Div. 323; *Matter of Stewart*, 39 Misc. Rep. 275.) The commissioner of insurance of the commonwealth of Pennsylvania had a legal right to appear specially in this action and to make the motion which he made therein. (*People* v. *E. S. Surety Co.*, 164 App. Div. 586; *Sinnott* v. *Hanan*, 214 N. Y. 454; *Mabon* v. *Ongley*, 156 N. Y. 196; *Wulff* v. *Roseville Trust Co.*, 164 App. Div. 399; *Logan* v. *Greenwich Trust Co.*, 144 App. Div. 372; *Marx* v. *Ciancimino*, 59 App. Div. 570; *Merriam* v. *Wood & Parker Company*, 19 App. Div. 329; *Bostwick* v. *Carr*, 165 App. Div. 55.) The court properly granted the motion declaring the alleged service of sum-

mons, the order of publication and the warrant of attachment herein null and noid, and vacating the same of record. (*Logan* v. *Greenwich Trust Co.*, 144 App. Div. 372; *Reilly* v. *Hart*, 130 N. Y. 625; 55 Hun, 465; *Mumma* v. *Potomac Co.*, 8 Pet. 281; *Bostwick* v. *Carr*, 165 App. Div. 55; *Northern Bank* v. *Drury*, 152 App. Div. 64; *Van Horn* v. *Kittitas County*, 28 Misc. Rep. 333; 46 App. Div. 623; *Rogers Locomotive Works* v. *Kelly*, 19 Hun, 399; 88 N. Y. 234; *Babcock P. P. Co.* v. *Ranous & Sherwood*, 164 N. Y. 440; *F. & M. Bank* v. *Little*, 8 W. & S. 207; *Frailey* v. *C. F. Ins. Co.*, 9 Phil. 219; *Walters* v. *W. A. R. R. Co.*, 69 Fed. Rep. 461.)

Chase, J. This action is brought against a corporation that has ceased to exist as such. The defendant corporation was dissolved by a court of competent jurisdiction in the state where it was incorporated and pursuant to the statutes of the state in which it obtained its corporate life.

Justice Story, in *Mumma* v. *Potomac Company* (8 Peters, 281, 286), said: "There is no pretense to say, that a *scire facias* can be maintained, and a judgment had thereon against a dead corporation, any more than against a dead man." (*People* v. *American Loan & Trust Co.*, 172 N. Y. 371, 377; *Bonaffe* v. *Fowler*, 7 Paige, 576, 578.) The plaintiff does not deny that the corporation has been dissolved. He admits that as the corporation has been dissolved a judgment *in personam* cannot be obtained against it, but he insists that he is entitled to maintain the action *quasi in rem*, for the purpose and only for the purpose as a diligent creditor of securing to himself, to the extent of his claim, the assets of the defunct corporation which he asserts have their *situs* in this state.

It could not be successfully claimed that a New York creditor could maintain an action against the dissolved corporation for the purpose of obtaining a judgment *in*

*personam* in view of the many decisions in this state which hold that such an action cannot be maintained after dissolution. (*People* v. *Knickerbocker Life Ins. Co.,* 106 N. Y. 619; *Sturges* v. *Vanderbilt,* 73 N. Y. 384; *Matter of Stewart,* 39 Misc. Rep. 275; *Rodgers* v. *Adriatic F. Ins. Co.,* 148 N. Y. 34.)

The American Union Fire Insurance Company was organized in Pennsylvania, and during the times mentioned in the record in this case there was in existence in Pennsylvania a statute approved June 1, 1911, which authorized the insurance commissioner of Pennsylvania upon the happening of certain things or the existence of certain conditions therein specified, to apply to the Court of Common Pleas of Dauphin county or the court of any county in which the principal office of such corporation is located for the liquidation of the business of the corporation, and that statute expressly provides that "The order of liquidation shall unless otherwise directed by the court provide that the dissolution of the corporation shall take effect upon the entry of such order in the office of the clerk of the county wherein such corporation had its principal office for the transaction of business." It also expressly provides that the liquidation shall be made by and under the direction of the insurance commissioner, and that he "shall be vested by operation of law with title to all the property, contracts and rights of action of such corporation as of the date of the order so directing him to liquidate."

The statutes of this state in regard to the liquidation and dissolution of insurance corporations are similar and in substantial accord with the statutes of Pennsylvania. There is no statute in this state that expressly affects or interferes with the right and duty of the insurance commissioner of Pennsylvania to take possession of the assets of said corporation in this state in accordance with said statute and the order of the court.

The insurance commissioner of Pennsylvania is a statu-

tory liquidator and as such took the title to all of the corporate property of the dissolved corporation. The title of foreign statutory assignees is recognized and enforced where it can be without injustice. (*Matter of Waite*, 99 N. Y. 433; *Relfe* v. *Rundle*, 103 U. S. 222. See 237 U. S. 531.)

Counsel for the parties herein concede that a voluntary transfer of the title to property in the ordinary course of business or by voluntary assignment for the benefit of creditors in one state is valid and effectual to transfer the title of such property of a corporation in another state as against alleged subsequent liens thereon by attachment or otherwise. It is also conceded that the title of a receiver or assignee to property obtained by order of a court pursuant to insolvent or bankruptcy laws of a foreign state has no extraterritorial force or authority and will not be sustained outside the limits or boundaries of a state as against a valid attachment levied upon such property. The question then arises whether the statutes of Pennsylvania together with the order of the Court of Common Pleas of Dauphin county by which the corporation was dissolved, and the title of all of its property became vested in the insurance commissioner for the purpose of its division among the creditors of such corporation shall be treated as binding upon the creditors of such corporations in other states or whether its effect is confined to the state of Pennsylvania.

In determining this question effect must be given not alone to the order of the court but specially to the statutes under which the insurance corporation was organized and by which title to its property thereafter became vested in the insurance commissioner.

The American Union Fire Insurance Company did business here by consent of this state as provided by our statutes. In giving such consent this state did not impose upon it any special condition. The legislature could doubtless prescribe the terms and conditions upon which

a foreign insurance company can do business in this state. No statute in this state, however, provides that the assets of a foreign corporation in this state are subject in case of dissolution to claims of local creditors.

Since a corporation can have no existence aside from the law which creates it, much of the statute law of the corporate domicile may be said to accompany it into the foreign jurisdiction and enter into, influence and control its transactions. (*Hoyt* v. *Thompson's Exr.*, 19 N. Y. 207; Murphee on Foreign Corporations, § 5.)

The statutes of Pennsylvania immediately affecting the existence of the corporation are binding upon creditors in New York. (*Ellsworth* v. *St. Louis, A. & T. H. R. R. Co.*, 98 N. Y. 553; *Relfe* v. *Rundle, supra; Matter of Stewart*, 39 Misc. Rep. 275.) Every person dealing with the defendant corporation did so with knowledge of its charter and its charter rights. In case of insolvency it was at all times subject to dissolution, and in such case title to its property by virtue of the statute became vested in the insurance commissioner.

We do not think that there is anything in the provisions of section 63 of our Insurance Law to prevent the recognition by the courts of this state of the title of the insurance commissioner of Pennsylvania as the statutory liquidator of the defendant company.

If the American Union Fire Association had been a domestic corporation and had become insolvent and its assets had been taken by the superintendent of insurance in this state for the purpose of liquidation and the corporation had been dissolved, the plaintiff could not have sustained this action even as an action *quasi in rem*, but he would have been compelled to accept his *pro rata* share of the assets of the corporation in liquidation.

The commercial relations between corporations and citizens of the different states are constantly increasing in extent. They are not only more and more extended, but more and more intimate and interdependent. The trans-

13

actions of a corporation of a foreign state doing business in this state are dependent upon our statute law and generally in the absence of a statutory rule upon the rule of comity. The reasons for extending the rule of comity between the states are constantly increasing. It should when practicable be extended, and not curtailed. (2 Bolles on Banking, 828; *Vanderpoel* v. *Gorman,* 140 N. Y. 563.) It may be assumed that if the rule of comity is not recognized in this state, and creditors in this state are given preference so far as assets in this state formerly belonging to a foreign corporation are concerned, the legislature and perhaps the courts of other states may adopt a similar policy. The rule in this state seems to be so thoroughly established that the title of an assignee or receiver under involuntary or bankruptcy proceedings in a foreign state will not be upheld as against an attachment obtained and served by a resident of this state, that perhaps it should not be changed except by an act of the legislature.

To hold, however, in this case that the title which vested by the statutes of Pennsylvania in the insurance superintendent of that state as a statutory liquidator does not extend to property in this state as against an attaching creditor here, would be to extend the rule which permits a local creditor to ignore the laws of a foreign state. We are of the opinion that the plaintiff and those from whom he received assignments of claims against the dissolved corporation have no equity that should prevent enforcing the general rule of comity in this case.

The title of a foreign statutory liquidator was considered in *Relfe* v. *Rundle* (p. 225, *supra*), and in that case the court say: "Relfe is not an officer of the Missouri state court, but the person designated by law to take the property of any dissolved life insurance corporation of that State, and hold and dispose of it in trust for the use and benefit of creditors, and other parties interested. The law which

clothed him with this trust was, in legal effect, part of the charter of the corporation. He was the statutory successor of the corporation for the purpose of winding up its affairs. As such he represents the corporation at all times and places in all matters connected with his trust. He is the trustee of an express trust, with all the rights which properly belong to such a position. He is an officer of the State, and as such represents the State in its sovereignty while performing its public duties connected with the winding up of the affairs of one of its insolvent and dissolved corporations. His authority does not come from the decree of the court, but from the statute. He appeared in Louisiana not by virtue of any appointment from the court, but as the statutory successor of a corporation which the court had in a legitimate way dissolved and put out of existence. He was, in fact, the corporation itself for all the purposes of winding up its affairs. We are aware that * * * a receiver appointed by a state court has no extraterritorial power; but a corporation is the creature of legislation, and may be endowed with such powers as its creator sees fit to give. Necessarily it must act through agents, and the State which creates it may say who those agents shall be. One may be its representative, when in active operation, and in full possession of all its powers, and another if it has forfeited its charter and has no lawful existence except to wind up its affairs. No State need allow the corporations of other States to do business within its jurisdiction unless it chooses, with perhaps the exception of commercial corporations; but if it does, without limitation, express or implied, the corporation comes in as it has been created. Every corporation necessarily carries its charter wherever it goes, for that is the law of its existence. It may be restricted in the use of some of its powers while doing business away from its corporate home, but every person who deals with it everywhere is bound to take notice of the provisions which have been

made in its charter for the management and control of its affairs both in life and after dissolution."

The language quoted is general and is not confined to mutual insurance corporations.

In *Wulff* v. *Roseville Trust Company* (164 App. Div. 399, 404) it was held that the courts of this state will hold under the principle of comity that under the law of New Jersey which is similar to the law of this state the property of the insolvent bank became impressed with a trust in favor of all its creditors and that the property of the insolvent in this state is not subject to an attachment by the assignee of foreign depositors whereby he would obtain a preference.

The court say: "As commerce and commercial transactions between the citizens of the different States have increased, the tendency has been to extend the rule of comity where not incompatible with our own laws and with the rights of the citizens of our state. * * * It will not, I think, conflict with any controlling authority to hold that by comity all of the property of the defendant became impressed with a trust in favor of its creditors, upon the commissioner of banking and insurance taking possession; * * * it contravenes no statutory law, or public policy, of this State to accord this effect to the statutory law of a sister State, the business of whose citizens is so intimately interwoven with that of our own state. * * * I am of opinion, therefore, that we should by comity apply the same rule that we apply in similar circumstances with respect to banks and trust companies in our own jurisdiction, which precludes one creditor from obtaining a preference by attachment, or otherwise, after the superintendent of banks has taken charge."

We have recently held in *Sinnott* v. *Hanan* (214 N. Y. 454, 458) that where a statute relates to and regulates corporate existence and power it has extraterritorial operation and effect even as had the statute under which the

corporation was created and which was a part of its charter and the law of its existence.

The court say: " The existence and the powers of any foreign corporation coming into this state to do business are at all times subject to the law of its creation and of its domicile and, additionally, to our laws relating to it, and the terms laid down by our legislature as conditions of allowing it to transact business here."

The cases specially relied upon by the appellant are *Hibernia National Bank* v. *Lacombe* (84 N. Y. 367); *Hammond* v. *National Life Insurance Company* (58 App. Div. 453, 455); *Willitts* v. *Waite* (25 N. Y. 577, 581), and *Kelly* v. *Crapo* (45 N. Y. 86, 90).

In the *Hibernia Nat. Bank* case the commissioners appointed were simply receivers in an action by a creditor or auditor of public accounts and not persons designated by the statute to take over the title of the corporate property as statutory liquidators. And it also appears (21 Hun, 166) that the action in New York was commenced before the assets of the debtor bank were delivered to the commissioners even in Louisiana.

In the *Hammond* case the prevailing opinion, from which Justice INGRAHAM dissented in an opinion, does tend to sustain appellant's contention, but the decision of the Appellate Division is also placed upon the ground, as stated in the prevailing opinion, that the receiver who made the motion therein was appointed in this state on July 28, while the judgment of the Connecticut court was entered July 7. The court say: " If the corporation was dead on the 7th of July, 1899, so that no action could be brought against it in this state by the creditor on the 15th of July, 1899, it is difficult to see why it was not also dead on the twenty-eighth of July and how the court had any more jurisdiction to appoint an ancillary receiver of the corporation in one action than to issue a warrant of attachment in another. For this reason the appellant is not aggrieved by the denial of his motion,

because he has shown no title to the property of the corporation in this state and, therefore, he has no right to ask for the reversal of this order."

It will be noted that the corporation was not dissolved in an action in which statutory liquidators were appointed pursuant to the statutes of the state where the corporation obtained its charter.

In the *Willitts* case, which related to an insolvent Ohio bank, the court say: " The Ohio statutes does not declare, nor do I see any ground upon which it can be said, that its insolvency and the consequent transfer of its property was, or should be, deemed a dissolution of the corporation. It is plain to me that, notwithstanding its insolvency and the consequent transfer of its property, it continued to have a name and existence as a corporation, so far, at least, as to be capable of being sued as such."

In the *Kelly* case the defendants claimed as assignees in proceedings instituted under the insolvent laws of Massachusetts. In such case as we have seen and as stated in the opinion in that case the rule is fixed and settled " that a title acquired under foreign bankrupt or insolvent proceedings will not prevail against the rights of attaching creditors under the laws of the state where the property is actually situated."

The order should be affirmed, with costs. The first question certified should not be answered, the second, third and fifth questions should be answered in the affirmative, and the fourth question in the negative.

WILLARD BARTLETT, Ch. J., HISCOCK, CUDDEBACK, HOGAN, CARDOZO and SEABURY, JJ., concur.

Order affirmed.