(92 Misc. Rep. 434)

## SCHUMACHER v. AMERICAN UNION FIRE INS. CO., OF PHILADELPHIA, PA.

### Appeal of JOHNSON, Ins. Com'r, etc.

(Supreme Court, Appellate Term, First Department.   December 9, 1915.)

CORPORATIONS ⬅670—FOREIGN CORPORATION—ATTACHMENT—DISSOLUTION OF CORPORATION—EFFECT.

Under Code Civ. Proc. § 638, providing, relative to attachments, that personal service of the summons must be made upon the defendant against whose property the warrant is granted, within 30 days after the granting thereof, or before the expiration of such time, service by publication must be commenced, or service must be made without the state by an order obtained therefor, where, though an action against a foreign insurance company was commenced and an attachment levied before the dissolution of such corporation, the corporation had been dissolved before an attempted service of the summons on the state superintendent of insurance, and the former agents of the corporation within the state, the attachment became inoperative, and the judgment finally entered was void.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2628–2639; Dec. Dig. ⬅670.]

Appeal from City Court of New York, Special Term.

Action by Joseph J. Schumacher against the American Union Fire Insurance Company, of Philadelphia, Pa.   From an order denying a motion to vacate a judgment and warrant of attachment, and to set aside the service of the summons herein, Charles Johnson, as Insurance Commissioner of the Commonwealth of Pennsylvania, appeals. Reversed, and motion granted.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

James E. Finegan, of New York City, for appellant.

Van Iderstine, Duncan & Barker, of New York City (Wendell P. Barker, of New York City, of counsel), for respondent.

GUY, J.   In this action to recover upon assigned claims for return premiums on unmatured fire insurance policies issued by the defendant, a foreign corporation organized under the laws of the commonwealth of Pennsylvania, Charles Johnson, commissioner of insurance of Pennsylvania, appeared specially in the court below and moved for an order declaring the service of the summons to be null and void, and for the vacating of the attachment granted and the judgment entered therein.   The motion was denied, and he appeals to this court.

On March 26, 1913, in proceedings taken by the said Pennsylvania commissioner in that state, the defendant company was dissolved, its corporate existence ended, and the liquidation of the corporation was ordered to be made under the direction of the commissioner according to the laws of Pennsylvania.   The dissolution became effective March 27th, on the entry of a copy of the order of dissolution in the office of the clerk of the county of Philadelphia.   This action was begun March 25, 1913, and on the following day a warrant of attachment was levied on moneys alleged to be due on return premiums from the

Warsaw Fire Insurance Company to the defendant corporation. The Warsaw Company reinsured the defendant's risks, and upon the dissolution of the defendant the policies of reinsurance were canceled by operation of law, leaving a sum in excess of $250,000 applicable to the obligations of the dissolved corporation. The summons was served March 29th upon the New York superintendent of insurance, and also on Berry, Tremaine & Co., Incorporated, who were the managing agents of the defendant corporation prior to its dissolution. On April 7, 1913, judgment by default for the sum of $1,419.54 was entered in favor of plaintiff against the defendant, and on April 8th execution was duly issued, but no money collected on the judgment.

In a proceeding commenced by the New York state superintendent of insurance, that officer on April 12, 1913, with the consent of the appellant, was directed by the Supreme Court to take possession of the property, conserve the assets, and liquidate the business of the insurance company in the state of New York, and title to all of the property, contracts, and rights of action of the said corporation were pursuant to section 63 of the Insurance Law (Consol. Laws, c. 28) vested in said superintendent, who was authorized and directed to exercise all the rights and duties with respect to the corporation as were formerly exercised by and imposed upon ancillary receivers of foreign corporations. The main ground of the decision of the learned justice at Special Term was that the said order of the Supreme Court precluded the appellant from raising any question as to any matters affecting the validity of claims of New York creditors.

The Court of Appeals (Martyne v. Am. Union Fire Ins. Co. of Philadelphia, 110 N. E. 502, November, 1915) has affirmed an order of the Appellate Division, Second Department (168 App. Div. 380, 153 N. Y. Supp. 433), affirming an order granting a motion by the insurance commissioner of Pennsylvania to set aside the service of the summons, warrant of attachment, and the levy thereof in that action, which was commenced after the dissolution of the defendant, and has decided that, notwithstanding the order of the Supreme Court of April 12, 1913, made in pursuance of section 63 of the Insurance Law, vesting title to the property of the defendant in the New York state superintendent of insurance, the Pennsylvania commissioner of insurance had a standing to make the motion at Special Term, and that the debt due from the Warsaw Company on return premiums on policies taken out by the defendant in that company is not subject to attachment in New York in an action against the defendant, a foreign corporation.

The only apparent distinction between the Martyne Case and the one at bar is that there the action was brought after the dissolution of the corporation, while here the action was begun and the attachment levied before the dissolution. In this case the summons was not served, however, until March 29th, two days after the dissolution became effective, when it is claimed to have been served on the New York state superintendent of insurance and on the former agents of the corporation in this state. But, the company having been dissolved at the time of the attempted service, no service of the summons was made, the

attachment became inoperative (Code, § 638), and the judgment finally entered was void. Martyne v. Am. Union Fire Ins. Co. of Penna., supra.

The order appealed from should be reversed, and the motion granted, with $10 costs and disbursements. All concur.