## Commonwealth ex rel. *v.* Union Casualty Ins. Co. (No. 1).  DeHaven's Appeal.

*Insurance—Liquidation of insuring companies—Pending suits —Presentation of claims to liquidator—Insurance commissioner— Public policy—Act of June 1, 1911, P. L. 599.*

1. After a decree of dissolution has been entered against an insurance company, a pending suit cannot be prosecuted.

2. In such case, under the Act of June 1, 1911, P. L. 599, plaintiffs must present their claims to the liquidator, the insurance commissioner.

3. The liquidator is the official constituted by the act to hear proofs of all claims, and to pass upon them as an auditor.

4. After the liquidator has filed his account in court, claimants cannot move the court for the appointment of an auditor, or, in the alternative, to hear evidence in support of their claim.

5. It seems that under the circumstances of this case, a claim against an insolvent insurance company, based upon a sole "agency director" contract, should not prevail on grounds of public policy, even if it were passed upon.

Argued May 24, 1926.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 5, May T., 1926, by George W. DeHaven to use of George W. DeHaven Co., from order of C. P. Dauphin Co., Commonwealth Docket, 1916, No. 113, confirming liquidator's account, and refusing appointment of auditor, in case of Commonwealth ex rel. J. D. O'Neil, Insurance Commissioner, v. Union Casualty Insurance Co.  Affirmed.

Exceptions to confirmation of liquidator's account. Before Fox, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. George W. DeHaven to use of George W. DeHaven Co., appealed.

*Errors assigned* were, inter alia, dismissing exceptions to confirmation of liquidator's account, and refusal to appoint an auditor.

*Francis M. McAdams* and *Thomas James Meagher,* for appellants.

*William N. Trinkle,* of *Bell, Trinkle, Truscott & Bell,* with him *George W. Woodruff,* Attorney General, for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 26, 1926:

In pursuance of the Act of June 1, 1911, P. L. 599, it having been determined by the court below in proceedings brought against the Union Casualty Insurance Company, that it was insolvent and that any further transaction of business would be hazardous to its policyholders, creditors and the public, the corporation was, by decree, on December 19, 1916, dissolved, its corporate existence ended and the liquidation of its business ordered by and under the direction of the insurance commissioner. At the time of the appointment of the liquidator, suit was pending in the Common Pleas of Philadelphia by appellants to recover from the company $231,193.35. This suit was not brought to trial and, on November 8, 1922, the insurance commissioner presented his petition to the court wherein the action was pending praying for its abatement. To this petition appellants filed an answer, in which, among other matters, it set forth that the insurance commissioner in the year 1918 had given notice by advertisement that claims against the company must be proved not later than January 1, 1919, that because of the pendency of their suit the subject-matter of their claim against the company had never been proved by appellants, that no account had

been filed by the insurance commissioner in the Common Pleas of Dauphin County, which had jurisdiction thereof, and suggesting, as the reason why the suit should not be abated, that if such action were taken appellants would be without redress for the indebtedness due to them, because the period fixed by the commissioner for the submission to him of claims against the company had long since expired, and, that no harm had been or would be done to any other party in interest by the consideration of appellants' claim in that proceeding, because no account had yet been filed. It was further suggested by appellants that, if the commissioner was entitled to relief, on his petition to abate, "the interests of justice would demand that instead of the prayer of the petitioner being granted in the form prayed for, a transcript of the entire record in this present action should be ordered to be transmitted to the said Court of Common Pleas of Dauphin County for appropriate action to the end that our claim may be considered, preserved and protected." Acting upon appellants' request, the Common Pleas of Philadelphia made an order discharging the rule to abate the suit and directing that the entire record be forwarded to the Common Pleas of Dauphin County. This order was made October 1, 1923; at that time no account had been filed by the commissioner and none was filed until April 23, 1924. After the decree of dissolution of the company, appellants could no longer prosecute their suit: Zimmerman v. Pure Coal Co., 286 Pa. 108; Martyne v. American Union Fire Ins. Co. of Phila., 216 N. Y. 183, 110 N. E. 502 (in which a Pennsylvania corporation had been dissolved under the very act we are considering); Mott v. Pennsylvania R. R. Co., 30 Pa. 9, 25; 14 A. C. J. 1200; 5 Thompson on Corporations (2d ed., 1910) section 6562.

No steps were taken by appellants to substantiate their claim before the commissioner and the latter when he filed his account disallowed the claim which was for 10% on the gross premiums received by the company

for the years 1910-1915 inclusive, in pursuance of a sole "agency director" contract between it and appellant, DeHaven, assigned by him to the DeHaven Company. The grounds given for the disallowance are that the claimant was a foreign corporation not registered and therefore not entitled to do business in this State; that the contract was executed in bad faith, was never lawfully authorized by the board of directors of the insurance company, was not made known to the insurance department, that there is no valid basis for the commissions claimed, that any such contract had it been known to the insurance department would have caused the rescission of the right of the company to do business in this State or elsewhere and for further reasons not necessary to be mentioned. The commissioner used for the basis of his determination, the statement of claim and affidavit of defense filed in the Common Pleas of Philadelphia, which was all that was before him.

The Act of June 1, 1911, section 7 (reënacted in the Act of May 17, 1921, P. L. 789, section 510), provided, "When the commissioner has, in pursuance of the provisions of this act, liquidated any such corporation, he shall, as soon as the assets thereof have been converted into money, file a complete account in the court of common pleas of the county in which the proceedings were instituted, showing all deposits and assets of said corporation, all the moneys paid to him on account of the same, all exceptions filed to any claims or accounts, all payments made or contracted for by him, and the scheme of distribution to creditors, policyholders or stockholders; which said account shall be preceded [proceeded] with and passed upon as other accounts are passed upon in said court. If exceptions have been filed with the insurance commissioner, the same shall have the same force and effect as if filed in the court, to the said account." This contemplates full proof of claims before the insurance commissioner as liquidator in order that he may lay before the court a scheme of distribution,

which he could not do if claimants' did not prove before him what was due to them. Appellants' counsel contend that while the commissioner is entitled to make inquiry into the merits or demerits of any claim, his action thereon is not so far conclusive that the court acts only as a reviewing body on the evidence presented to him. They sum up their position in their reply brief where they say, "The statutory liquidator is, in the light of the correct interpretation of the statute, entitled to 'liquidate' the claim in the sense, in the first instance, of passing upon its validity or invalidity. But these appellants contend that his conclusion is not final in any sense. It is not final in the sense that the reviewing court is not entitled,—either by an auditor or by one of its judges or by referring the matter back to the insurance commissioner to take evidence afresh." We think this position of appellants and this construction of the statute a mistaken one. The liquidator was the official constituted by the law to hear proofs of all claims. Failure to present evidence in substantiation of a claim to him was fatal to recovery thereon. Not until after his account was filed in the Common Pleas of Dauphin County did appellants move the court for the appointment of an auditor or in the alternative that the court should hear the evidence which they had to offer. The appellants argue that the insurance commissioner is in effect a mere receiver and therefore has no power to pass upon claims. We do not so regard him; his powers under the act are much more extensive. While he is a gatherer of assets, he is also in effect an auditor. What was said by the Supreme Court of the United States in Relfe v. Rundle, 103 U. S. 222, has much pertinence to the status of the liquidator in the pending case: "Relfe is not an officer of the Missouri State Court, but the person designated by law to take the property of any dissolved life insurance corporation of that state and hold and dispose of it in trust for the use and benefit of creditors and other parties interested. The law which clothed him with this

trust, was, in legal effect, part of the charter of the corporation......He is an officer of the State, and, as such, represents the State in its sovereignty while performing its public duties connected with the winding up of the affairs of one of its insolvent and dissolved corporations. His authority does not come from the decree of the court, but from the statute......Every person who deals with it [the corporation]......is bound to take notice of the provisions which have been made in its charter for the management and control of its affairs both in life and after dissolution."

Appellants contend that they have been denied a hearing, but this cannot be so as they had full opportunity to be heard after notice to all claimants. They were bound to submit their claim to the commissioner within the time fixed by the public notice given by him and which appellants admit they knew of; not having done so, they are barred from participating in the fund: Ferguson v. Yard, 164 Pa. 586. They had almost six years following the notice and before the filing of the account to make application to the liquidator for permission to present their evidence, but made no move in that direction. If they believed they could adjudicate their rights in the Common Pleas of Philadelphia and therefore did nothing before the liquidator, they abandoned that position when, in their petition to that court, they asked that the record of the suit should be certified to the Common Pleas of Dauphin County to save their position in the proceeding there.

Appellants filed exceptions with the liquidator and in the court below after the filing of his account but they did not request of the liquidator that they be heard but ignored him and requested the court to appoint an auditor or to hear the evidence itself. This was not in accord with the provisions of the act. The court held, and properly so, that, since there was no evidence before it such as is required by the statute and upon which the

exceptions to the account could rest, they should be dismissed and the account confirmed.

We think it unlikely from our examination of the issue as it was made by the statement of claim and affidavit of defense that there could have been anything recovered by appellants on their claim had it been duly presented to the commissioner. There are reasons of public policy affecting such contracts as appellants had with the insurance company which would go a long way toward preventing its enforcement, at least against a company which was insolvent.

The order of the court below dismissing the exceptions and confirming the account is affirmed at appellants' cost.