WOLF, ETC. *v.* TAGGART, INSURANCE COMMISSIONER.

[No. 14,741. Filed October 17, 1935.]

*Clyde P. Miller*, for appellant.

*Slaymaker, Merrell & Locke*, and *Hugh E. Reynolds*, for appellee.

BRIDWELL, J.—This action was brought by the appellee against appellant to recover assessments made pursuant to obligations incurred when appellant by written applications became a subscriber to the William Penn Motor Indemnity Exchange (a reciprocal insurance association organized under the statutory laws of the Commonwealth of Pennsylvania), and obtained through the William Penn Underwriters, Inc., attorney-in-fact for said Exchange, certain reciprocal or inter-insurance contracts.

The complaint was in six paragraphs, different only in that each is brought upon a separate inter-insurance contract applied for by and issued to the appellant. A plea in abatement questioning the jurisdiction of the court over the person of appellant was filed, and appellee filed demurrer thereto, which the court sustained, appellant excepting to such ruling. Appellant thereafter filed a demurrer to the complaint which was overruled, and appellant excepted. The issues were then closed by the filing of an answer in general denial. The cause was submitted to the court for trial, and, upon proper request, the court made a special finding of facts, and stated its conclusion of law thereon, as follows:

"That the plaintiff as Statutory Liquidator of the William Penn Motor Indemnity Exchange is entitled to recover of and from the defendant as a subscriber at the William Penn Motor Indemnity Exchange the sum of one hundred twenty dollars together with interest in the amount of Twenty-four and 50/100 Dollars ($24.50)."

Judgment was rendered in accordance with the conclusion of law stated, and this appeal followed, the errors relied upon for reversal being as follows: (1) That the court erred in sustaining appellee's demurrer to the plea in abatement; (2) that the court erred in overruling appellant's demurrer to the complaint; (3) that the court erred in its conclusion of law upon the special finding of facts made and filed in said cause.

We deem it unnecessary to discuss the alleged errors separately as both parties agree that the two questions presented for determination are as to whether appellee has the legal capacity to maintain the action brought, and as to whether, under the process issued and served in this cause, the court wherein the action was filed and tried, obtained jurisdiction over the person of appellant. It is also agreed that there is no dispute

as to the facts, and from the special finding of facts it appears that the William Penn Motor Indemnity Exchange was duly organized and authorized to transact business as a reciprocal insurance association under the laws of the Commonwealth of Pennsylvania, and that the William Penn Underwriters, Inc. was made its attorney-in-fact through whom inter-insurance or reciprocal insurance contracts were exchanged by the subscribers at said William Penn Motor Indemnity Exchange; that said Exchange was duly admitted as a foreign reciprocal insurance association to transact business within the state of Indiana, and to write such contracts of reciprocal insurance within this state; that appellant executed an agreement becoming a subscriber at said Exchange, and in said agreement delegated to the attorney-in-fact "authority to appoint the Insurance Superintendent of the State of Pennsylvania and/or his successor in office, or the Insurance Commissioner or other ranking officer in any other State in the United States where the Exchange is legally admitted to transact business, as Attorney upon, or by whom service of process may be had in all suits arising out of any policies, contracts or agreements issued by this Exchange," and further authorizing said attorney-in-fact "to execute any and all documents and to do any acts necessary to effect compliance with the laws of any state or the requirement of the Insurance Department of any state with respect to the exchange of insurance . . . ;" that the William Penn Underwriters, Inc., attorney-in-fact for the subscribers at the William Penn Motor Indemnity Exchange, filed with the Auditor of State of the state of Indiana, an instrument in writing, appointing said Auditor of State and his successors in office as agent in and for the state of Indiana, upon whom service of process might be had, and as agent "to receive and accept service of

process in all suits arising in said state out of such policies, contracts and agreements," said instrument further providing that the appointment "shall remain in force, irrevocable so long as any liability remains outstanding in said State against the attorney or the subscriber on any such contracts of indemnity;" that the appellant, in each application and agreement executed by him, among other things, agreed to assume, without joint liability, an amount limited to a sum equal to the amount of his annual deposit under each policy held by him in the event that the liabilities of the Exchange exceeded the total deposits made by the subscribers thereto; that said Exchange became and was adjudged to be insolvent, and its business was ordered liquidated by the Court of Common Pleas of Dauphin county, Commonwealth of Pennsylvania, a court of general jurisdiction having jurisdiction of the subject matter, and of said William Penn Motor Indemnity Exchange, and in due course, in accordance with the statutory law of said state where such association was organized, the insurance commissioner of the Commonwealth of Pennsylvania took charge of all its assets as statutory liquidator for said Exchange, and under said laws the assets of the Exchange vested in said officer for the purpose of liquidating its affairs; that it became necessary in order to discharge the liabilities of said Exchange that assessments in accordance with the agreements and contracts made by its subscribers be levied and enforced against each of them; that such assessments were made, and appellant refused to pay the assessment so levied against him.

We have summarized above the facts found which are material and controlling in determining questions presented by the record. The finding of facts is lengthy, requiring thirty-four pages of appellant's brief in setting it forth, and in it the court sets out the

statutes of the Commonwealth of Pennsylvania applicable in the instant case, and also the agreements, contracts, and all other written instruments mentioned. For the purpose of this opinion no more detailed statement concerning the facts seems required as they are not in dispute.

As to the first of the two questions presented, we are of the opinion that appellee has the right to bring and maintain this action. The obligations assumed by appellant as a subscriber to pay, in the event of insolvency, an amount equal to the annual deposit (or premium) on each inter-insurance contract held by him was an asset of the Exchange or reciprocal insurance association of which he was a member. The statutory law of Pennsylvania where the said Exchange was organized and existed, provides that upon an order of liquidation the insurance commissioner of said state "shall be vested by operation of law with the title to all of the property, contracts, and rights of action of the company, association, exchange, society, or order as of the date of the order so directing him to liquidate." Laws of Pennsylvania, session-1921, p. 808, sec. 506, article 5 of Act 285. The title to the assets of the Exchange having vested by operation of law in the appellee, he is not only entitled to maintain this action but is charged with the duty of so doing in order that the business affairs of such Exchange may be fully liquidated. In his official capacity as statutory liquidator he may bring such actions in states other than that of the domicile of the insolvent as are required for the proper discharge of his duties. *O'Malley* v. *Hankins et al.* (1935), 207 Ind. 589, 194 N. E. 168; *Martyne* v. *American Union Fire Insurance Co. of Philadelphia* (1915), 216 N. Y. 183, 110 N. E. 502; *Relfe* v. *Rundel* (1880), 103 U. S. 222, 26 L. Ed. 337.

The remaining question for decision is as to whether

the court below acquired jurisdiction over the person of appellant by the service of process on the Auditor of State of the state of Indiana as the agent of appellant for this purpose, said auditor having been designated as such agent by the attorney-in-fact for the subscribers of the William Penn Motor Indemnity Exchange, acting pursuant to written authority of such subscribers, including appellant. The record discloses that the summons in this case was served by reading to and by leaving a copy with the agent so designated. The sufficiency of this service is challenged, appellant contending that summons should have been served on him in accordance with the provisions of section 333, Burns R. S. 1926, §2-803, Burns 1933, §84, Baldwin's 1934, by serving him personally, or by leaving a copy of said summons at his usual or last place of residence. Appellant voluntarily authorized service of summons in suits against him, because of his having become a subscriber to said Exchange, by the method pursued in this case, and we see no reason why, when service is made in accordance with the manner selected and consented to by appellant, such service should not be held good. It is not prohibited by any statutory or constitutional provision, and that it is not against the public policy of this state is evidenced by many statutory provisions of the state authorizing service upon persons other than the party against whom an action is brought. One of such provisions appears in an act passed in 1919, concerning the authorization and regulation of the exchange of certain classes of reciprocal or inter-insurance contracts among individuals, partnerships, and corporations, and regulating process in suits on such contracts, and which, among other things, provides that service of process may be had upon the auditor of state in all suits in this state arising out of such policies, contracts, or agreements,

which service shall be valid and binding upon all subscribers exchanging at any time reciprocal or inter-insurance contracts through an attorney-in-fact. See Acts 1919, p. 503, sec. 4; sec. 39-2804, Burns' Ind. Stat. Ann. 1933, sec. 9851, Baldwin's 1934.

It is our opinion that since service in the instant case was had in a manner consented to by appellant, and in accordance with the method authorized by him, such service was sufficient to give the lower court jurisdiction.

Judgment affirmed.