## Commonwealth ex rel. Woodside v. Seaboard Mutual Casualty Company (No. 2)

706

*John A. Skelton,* for plaintiff.

*Wirtzman, Sikov & Love,* for defendant.

SOHN, P. J., May 13, 1963.—We have before us two exceptions to the account of the statutory liquidator of the Seaboard Mutual Casualty Company, now dissolved. The one exception is filed by Amedeo Scarpino and the other by Frank Paradiso. They arise as a result of an accident which occurred in Pittsburgh, Pennsylvania, on February 4, 1948, between a taxi cab owned and operated by Peoples Cab Co., Inc., and another vehicle. The Peoples Cab Company was insured at the time by the Seaboard Mutual Casualty Company, which company was dissolved by this court on December 20, 1951, effective December 30, 1951. It is alleged that Frank Paradiso, an exceptant, sustained personal injuries, incurred certain medical expenses, and was prevented from performing his usual occupation for a given period of time. Suit was instituted on behalf of the said exceptant in the Court of Common Pleas of Allegheny County as of April term, 1949, no. 2605, against the Peoples Cab Co., Inc. On February 13, 1952, judgment was rendered in favor of the said exceptant, Frank Paradiso, and against the Peoples Cab Co., Inc., in the amount of $9,000.

On April 21, 1952, the said Frank Paradiso filed a proof of claim, together with supporting exhibits, with

the statutory liquidator for the sum of $9,000. The first account of the statutory liquidator recommended an allowance of this claim in the amount of $100. Exceptant filed an exception to this recommendation for alowance and said exception was noted by this court on the date the first account was confirmed, namely May 31, 1961.

Pursuant to the filing of this exception and after due notice to all parties concerned, hearings were held as scheduled in the State Office Building, Pittsburgh, Pennsylvania, on Monday, February 26, 1962, and Tuesday, February 27, 1962, by Special Deputy Insurance Commissioner, Morton S. Powlen. The exceptant, his attorney, and their witnesses were in attendance and testified.

On August 15, 1962, a report was filed with this court by the statutory liquidator recommending allowance of this claim in the amount of $1,500. On August 27, 1962, exceptions to this recommendation for allowance were filed on behalf of the exceptant, Frank Paradiso, with this court, and that is one of the matters now before us for decision.

The other exceptant, Amedeo Scarpino, was injured in the same collision. On March 8, 1949, suit was filed on behalf of Amedeo Scarpino against the Peoples Cab Co., Inc., at no. 2604 April term, 1949, in the Court of Common Pleas of Allegheny County, Pennsylvania. Service was properly made and an appearance was entered on behalf of the Peoples Cab Company, Inc., by an attorney representing the Seaboard Mutual Casualty Company, said company as we have said before being an insurer of the Peoples Cab Company, Inc. On October 5, 1949, defendant, Peoples Cab Company, Inc., was placed in receivership. Pursuant to the Act of May 17, 1921, P. L. 789, art. V, sec. 505, as amended, 40 PS §205, the Court of Common Pleas of Dauphin County by an order issued December 20, 1951, and

effective December 30, 1951, restrained all persons "from instituting or prosecuting any action at law or in equity or any attachment or execution against the said company . . ." On February 11, 1952, a trial without jury was held before his honor Judge Henry X. O'Brien of the Court of Common Pleas of Allegheny County, Pennsylvania (Judge O'Brien now being a Justice of the Supreme Court of Pennsylvania); and after a hearing, a judgment was rendered in favor of plaintiff in the sum of $10,000 against defendant, the Peoples Cab Company, Inc.

On April 25, 1952, the attorney of record for Amedeo Scarpino received notice from the Liquidation Division of the Insurance Department of the Commonwealth of Pennsylvania that the proof of claim against the Seaboard Mutual Casualty Company had been received and placed on record. Subsequent thereto, a certain award was made and exceptions to this award were taken. Approximately ten years then elapsed before a hearing was held on the exceptions to the award on behalf of Amedeo Scarpino. Without waiving his rights to proceed on the verdict rendered in the Court of Common Pleas of Allegheny County, Pennsylvania, Amedeo Scarpino appeared with counsel and presented testimony in support of his claim. No contradictory testimony was presented on behalf of either the Peoples Cab Company, Inc., or on behalf of the Seaboard Mutual Casualty Company. On August 13, 1962, Mr. Scarpino was advised that the statutory liquidator had now recommended an allowance in the sum of $1,000 on his claim. From that allowance and from the refusal of the statutory liquidator to accept the verdict rendered in the amount of $10,000, as the amount of the claim of the said Amedeo Scarpino, exceptions were taken to this court.

The first question we have before us concerns that of whether the judgment obtained against the Peoples

Cab Company, Inc., in the Court of Common Pleas of Allegheny County, Pennsylvania, is binding upon the statutory liquidator of the Seaboard Mutual Casualty Company.

The second question is whether under all of the circumstances and evidence and the law the amount recommended for allowance by the special deputy insurance commissioner is proper.

We will direct our attention now to the first question raised above. We are of the opinion that the judgment obtained against the Peoples Cab Company, Inc., in the Court of Common Pleas of Allegheny County, is not binding upon the statutory liquidator of the Seaboard Mutual Casualty Company.

An examination of the record in the case of each of these two exceptants discloses chronologically that the accident which resulted in their injuries occurred on February 4, 1948. On March 8, 1949, suits were started in the Allegheny County courts for the recovery for the injuries suffered by them. On October 5, 1949, the said Seaboard Mutual Casualty Company was placed in receivership. On December 20, 1951, this court made an order "enjoining and restraining Seaboard Mutual Casualty Company, its officers, agents and employes from transacting any of the business of said company or disposing of any of its property, and enjoining and restraining all persons from instituting or prosecuting any action at law or in equity or any attachment or execution against the said company . . ." This order is dated December 20, 1951, and became effective December 30, 1951. The order also directed "that all persons having claims against Seaboard Mutual Casualty Company shall file proof thereof with the Insurance Commissioner of the Commonwealth of Pennsylvania not later than July 1, 1952, or they shall thereafter be barred as claimants against any assets in the hands of the said Insurance Commissioner . . ."

It has been urged upon us that under the Insurance Department Act of 1921, 40 PS §205, the suspension of the insolvent company's operation did not necessarily work a dissolution of the corporation. The exceptants have argued that the insurance commissioner has made an attempt to apply indirectly section 502, 40 PS §202, as amended in 1956 (March 22, P. L. 1328), retrospectively to the facts in this case. The amendment of 1956 provides as follows:

". . . From the date of such suspension on the ground that the suspended organization is insolvent, or is in such condition that its further transaction of business will be hazardous to its policyholders or to its creditors or to the public, no action at law or equity shall be commenced or prosecuted nor shall any judgment be entered against nor shall any execution or attachment be issued or prosecuted against the suspended company . . . in any court of this Commonwealth . . ."

The argument in made that the amendatory statute of 1956 must be construed to apply prospectively from the date of its approval, rather than restrospectively. However, this argument overlooks the decided case law of the Commonwealth of Pennsylvania. We do not think that any order was necessary as is provided in the amendatory act of 1956. In Commonwealth ex rel. v. Union Casualty Ins. Co. (No. 1), 287 Pa. 6 (1926), the court clearly sets forth what effect a dissolution of a company itself has upon the claims of those who were entitled to participate in its assets following its dissolution. In this case, it is held as follows (p. 8):

". . . After the decree of dissolution of the company, appellants could no longer prosecute their suit: Zimmerman v. Pure Coal Co., 286 Pa. 108; Martyne v. American Union Fire Ins. Co. of Phila., 216 N. Y. 183, 110 N. E. 502 (in which a Pennsylvania corporation had been dissolved under the very act we are considering) ; Mott v. Pennsylvania R. R. Co., 30 Pa. 9, 25; 14

A. C. J. 1200; 5 Thompson on Corporations (2nd ed., 1910) section 6562."

In this case it is further stated:

"The Act of June 1, 1911, section 7 *(reenacted in the Act of May 17, 1921, P. L. 789, section 510)*, provided, 'When the commissioner has, in pursuance of the provisions of this act, liquidated any such corporation, he shall, as soon as the assets thereof have been converted into money, file a complete account in the court of common pleas of the county in which the proceedings were instituted, showing all deposits and assets of said corporation, all the moneys paid to him on account of the same, all exceptions filed to any claim or accounts, all payments made or contracted for by him, and the scheme of distribution to creditors, policyholders or stockholders; which said account shall be preceded [proceeded] with and passed upon as other accounts are passed upon in said court. If exceptions have been filed with the insurance commissioner, the same shall have the same force and effect as if filed in the court, to the said account.' *This contemplates full proof of claims before the insurance commissioner as liquidator in order that he may lay before the court a scheme of distribution, which he could not do if claimants did not prove before him what was due to them.*" (Italics supplied.)

In this case, the rights of creditors of the defunct corporation were barred by the decree of dissolution of the company, and the amendatory act of 1956 is not in our opinion necessary for a proper determination of the question here involved. Indeed, were we to order paid the judgments of the Allegheny County Court it would in effect be giving to these two exceptants preferred claims, a status not enjoyed by the other creditors of the company who had properly presented their claims before the insurance commissioner and had them paid. They brought their claims to judgment even

after they knew of the dissolution of the insurance company and after they had notice of a cut-off date when they should present their claims to the insurance commissioner. We must further note that these two judgments were obtained not against the casualty company, but against the Peoples Cab Company. . . .

We have reviewed both the law and the factual matters raised by these two exceptants and now make the following

### Order

And now, to wit, May 13, 1963, all of the exceptions filed by the two exceptants are hereby dismissed. The court directs that Frank Paradiso be allowed the sum of $1,500 on his claim before the insurance commissioner, and that Amedeo Scarpino be allowed the sum of $1,000. Otherwise judgment is hereby rendered in favor of the report of Morton S. Powlen, Special Deputy Insurance Commissioner, upon the two said exceptions and against both exceptants.