## Kinter, Receiver, *v.* Connolly.

*Corporations—Bonding company—Ten per cent deposit—Insufficient capital—Defective incorporation—Liability of officers and directors— Equity—Jurisdiction—Receivers—Bankruptcy acts.*

1. The receiver of a bonding company has no standing to maintain a bill in equity to enforce on behalf of creditors of the company a personal liability against the officers and directors of the company because of false representations made by them and because they permitted the company to begin business without having ten per cent of

its stock paid in cash at the time the certificate was sworn to, and without having $125,000 of the capital paid in when it started in business, as required by law in case of title insurance companies.

2. While the national bankrupt law and the insolvency act of Pennsylvania declare that, under certain conditions, any preference given by an insolvent corporation shall enure to the benefit of all its creditors generally, it imposes no personal liability upon the directors or officers of the company concerned in the preferential disposition of the corporation's assets, to answer to it for such action as a breach of trust.

Argued May 10, 1911. Appeal, No. 348, Jan. T., 1910, by plaintiff, from decree of C. P. No. 4, Phila. Co., Sept. Term, 1908, No. 3,912, dismissing bill in equity in case of William L. Kinter, Receiver of Keystone Bonding Company v. Paul V. Connolly et al. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Bill in equity to impose a personal liability on the officers and directors of a corporation. See Land Title & Trust Co. v. Connolly, ante, p. 1.

On demurrer to the bill AUDENRIED, J., filed the following opinion:

There are several reasons why the bill filed in this case cannot be sustained, but these are all embodied in the objection that the plaintiff has shown no right to invoke the equitable relief for which he prays.

The plaintiff is the receiver of the Keystone Bonding Company. As such it is his sole duty to hold and administer for the benefit of its stockholders and creditors any property or rights of action that belong to that corporation. He has authority to assert in appropriate proceedings whatever rights of action the corporation had or has against its directors or officers, who are the defendants herein. In the bill before us, however, there is no averment that any act or omission of those of the defendants who demur caused loss or injury to the Keystone Bonding Company. No claim is asserted against them on behalf

of the corporation. If the defendants published statements which they knew, or ought to have known, to be false, with the result that their company gained a fictitious credit at the expense of those thus encouraged to do business with it, the wrong was suffered by the latter, and not by the corporation, and gave rise to no liability on the part of the defendants that the corporation or its receiver can enforce. Each person deceived by the statements referred to in the bill, or involved in loss through being induced to deal with a corporation which may have failed to comply with the requirements of the corporation laws, sustained an injury entirely distinct from that suffered by every one else in other transactions. Those deceived by the false statements referred to in the bill have no joint action against even such of the defendants as may have been involved in the frauds perpetrated upon them, and they cannot combine their claims against the defendants in the hands of a trustee, and enforce them in the same proceeding, either in law or in equity. The receiver, who figures as the plaintiff in this case, was not appointed by the court to act as the representative of a syndicate composed of all those who, by reason of false representations made or authorized or negligently permitted by the company's directors, or some of them, sustained losses, and he has no standing in equity to maintain a bill against the latter as partners to enforce, as a collective liability, all claims for damages in respect of the separate and distinct wrongs which the several parties, who have had dealings with the corporation, have sustained.

The averment that the reinsurance by the Keystone Bonding Company of its risk on its surety bonds to the United States government was a breach of trust for which the defendants are answerable to that corporation, establishes no right to relief against them on the part of its receiver. Prior to the enactment of the national bankrupt law and insolvency act of Pennsylvania, the preference of one of its creditors by an insolvent corporation, provided there was no fraud in the contracting of the debt,

or in the transfer of the company's assets in payment of it, was entirely lawful, and did not create a liability on the part of the corporation's directors to answer to it as for a breach of trust. While the legislation referred to has declared that, under certain conditions any preference given by an insolvent corporation shall enure to the benefit of all its creditors generally, it imposes no new liability upon the directors or officers concerned in the preferential disposition of the corporate assets.

*Error assigned* was decree dismissing the bill.

*John G. Johnson,* with him *Guy H. Davies* and *J. Claude Bedford,* for appellant.

*Ira Jewell Williams,* of *Simpson & Brown,* for Charles G. Rapp, *J. B. Colahan, 3d,* for Charles H. Wolf, *Frank R. Savidge,* for William G. Halkett, *Edwin O. Michener,* for W. L. D'Olier, *Roy M. Livingston,* for Wm. H. McCormick and *Ormond Rambo,* for Joseph M. Smith and Alfred V. D. Watterson.

PER CURIAM, July 6, 1911:
The decree is affirmed at the cost of the appellants on the opinion of Judge AUDENRIED.