DEAN CONSTRUCTION COMPANY, INC., et al., Respondents, *v.* AGRICULTURAL INSURANCE COMPANY et al., Defendants, and EMPIRE MUTUAL INSURANCE COMPANY, Appellant.

Second Department, November 9, 1964.

*Lawrence Isaacs* (*Michael A. Schwartz* on the brief), for appellant.

*Leo Fixler* for respondents.

Hopkins, J.   In January, 1963 plaintiffs commenced the action at bar against defendant Empire Mutual Insurance Company, a Pennsylvania insurance corporation not licensed to do business in New York, by serving a summons and complaint upon the New York Superintendent of Insurance (Insurance Law, § 59-a, subd. 2).

In May, 1963 plaintiffs obtained an order requiring Empire to furnish a bond in the sum of $65,000 as a condition to answering the complaint (Insurance Law, § 59-a, subd. 3).   Thereafter Empire deposited $65,000 with the Stuyvesant Insurance Company and filed the latter's bond under which it (Stuyvesant) promised to pay any final judgment, not in excess of $65,000, entered against Empire.

In answer to plaintiffs' amended complaint (the 12th cause of action), Empire alleged abatement in defense, asserting that in January, 1964 it had been " legally dissolved, and its corporate existence ended, pursuant to an Order of the Court of Common Pleas of Dauphin County, State of Pennsylvania "— such order having been issued in accordance with the Pennsylvania statute (40 Purdon's Pa. Stat., § 206; Act of May 17, 1921, P. L. 789, § 506).

Thereafter Empire moved for summary judgment, relying primarily on the New York common-law rule that the dissolution of a foreign insurance corporation by its domiciliary State abates an action pending against it.   Plaintiffs cross-moved to

strike out Empire's defense. Special Term denied Empire's motion and granted plaintiffs' cross motion, holding that subdivision 19 of section 977-b of the former Civil Practice Act (now Business Corporation Law, § 1218) prevented an abatement here.

In our opinion, Special Term's reliance upon subdivision 19 of section 977-b of the former Civil Practice Act was erroneous; that statute was applicable only to receivership actions, whereas the action against Empire is one for breach of a contract of insurance. Nevertheless, for other reasons the Special Term's order should be affirmed.

In our opinion, the State of New York, by its adoption of the Uniform Insurers Liquidation Act (Insurance Law, §§ 517–524), in which it expressly confined to reciprocal States the operation of its common-law rule of abatement, effectively limited the rule's operation to such reciprocal States (cf. *Martin* v. *General Amer. Cas. Co.*, 226 La. 481). Pennsylvania, having thus far failed to adopt the Uniform Act, is not a reciprocal State (Insurance Law, § 517, subd. 7).

Under the common law of this State, and prior to the enactment of both section 59-a of the Insurance Law and the Uniform Insurers Liquidation Act (Insurance Law, §§ 517–524), the dissolution of a foreign corporate insurer served to abate all actions pending against it (*Matter of National Sur. Co.* [*Pink*], 286 N. Y. 216; *Matter of National Sur. Co.* [*Laughlin*], 283 N. Y. 68, cert. den. 311 U. S. 707; *Martyne* v. *American Union Fire Ins. Co.*, 216 N. Y. 183). However, this common-law rule, as enunciated in *Martyne* and to which resort was had in the *National Sur.* cases, was imbedded in a statutory similarity between New York and Pennsylvania — a similarity which no longer exists, but which at the time of *Martyne* made comity sensible and practicable.

Thus, in *Martyne* (*supra,* p. 191), referring to the statutes in New York, the court stated: " The statutes of this state in regard to the liquidation and dissolution of insurance corporations are similar and in substantial accord with the statutes of Pennsylvania. There is no statute in this state that expressly affects or interferes with the right and duty of the insurance commissioner of Pennsylvania to take possession of the assets of said corporation in this state in accordance with said statute and the order of the court."

However, New York's adoption of the Uniform Insurers Liquidation Act does affect and interfere with the right of the Pennsylvania insurance commissioner to take possession of Empire's assets in New York. Because Empire is not, under

the Uniform Act, domiciled in a reciprocal State (Insurance Law, § 519, subd. 2), the Pennsylvania Insurance Commissioner is not vested by operation of law with title to Empire's New York property; nor, for that reason, may he sue to recover Empire's assets (Insurance Law, § 519, subd. 3).

Plainly, the application of the common-law rule of abatement on behalf of a nonreciprocal State would emasculate the key reciprocity feature of the Uniform Act. Thus, though the Pennsylvania Insurance Commissioner is unable to begin an action to recover the $65,000 deposited by Empire with the Stuyvesant Insurance Company, the same result could be achieved by arguing, through Empire, that the action had abated. Empire's bond then would no longer be necessary and its deposit with Stuyvesant would be paid to Empire's liquidator, the Pennsylvania Insurance Commissioner, to whom plaintiffs would have to apply to press their claims — one of the very evils to which the Uniform Act addressed itself and which it sought to suppress (Uniform Insurers Liquidation Act, p. 196, 9B U. L. A.).

For the reasons stated, the order should be affirmed, with $10 costs and disbursements to the plaintiffs.

UGHETTA, Acting P. J., BRENNAN, HILL and RABIN, JJ., concur.

Order affirmed, with $10 costs and disbursements to the plaintiffs.