Per Curiam.

We agree with the Appellate Division, for the reasons stated by it, that the plaintiff has capacity to sue. However, the complaint fails to allege a valid cause of action and must be dismissed. Under the law of Pennsylvania, which is unquestionably applicable, the liquidator of a defunct insurance company may not sue to recover for damages resulting from fraudulent misrepresentations of the corporation’s assets. (See Kintner v. Connolly, 233 Pa. 5; Patterson v. Franklin, 176 Pa. 612; see, also, Wheeler v. American Nat. Bank, 338 S. W. 2d 486, 496-498, revd. on other grounds 162 Tex. 502.) It would appear that the plaintiff might be able to state a cause of action for conversion which would be valid under Pennsylvania law. (See Wheeler v. American Nat. Bank, 162 Tex. 502, supra; cf. State Bank of Pittsburg v. Kirk, 216 Pa. 452.) Therefore, leave should be granted to the plaintiff to so amend her complaint. The order shall be reversed, without costs, and,the question certified answered in the negative.
Chief Judge Desmond and Judges Fuld, Van Voorhis, Bubke, SnTT.-rcppT and Keating concur in Per Curiam opinion; Judge Bergan dissents and votes to affirm on the opinion of the Appellate Division.
*625 Order reversed, without costs, and matter remitted to Special Term for further proceedings in accordance with the opinion herein. Question certified answered in the negative.