

Friedland, Laifer & Robbins, New York City, Seth D. Friedland, Albert B. Lewis, of counsel, for plaintiff.

Wilson, Elser, Moskowitz, Edelman & Dicker, New York City, Edward J. Boyle, Thomas R. Manisero, Richard J. Olson, Maureen J. Cunningham, of counsel, for defendant.

**TWIN CITY BANK, Plaintiff,**

v.

**The MUTUAL FIRE MARINE & INLAND INSURANCE COMPANY, Defendant.**

**Civ. A. No. M18–302.**

United States District Court, S.D. New York.

Nov. 5, 1986.

## OPINION

EDWARD WEINFELD, District Judge.

Defendant, The Mutual Fire Marine & Inland Insurance Co. (Mutual Fire), is an insurance company domiciled in Pennsylvania. On July 16, 1986, plaintiff, Twin City Bank (Twin City), obtained a judgment for $1,250,400.00 against Mutual Fire in the United States District Court for the Eastern District of Arkansas. Previously, on June 13, 1986, the Pennsylvania Insurance Commissioner issued an Order of Supervision severely restricting Mutual Fire's conduct of its business. This order expired and was replaced on September 12, 1986 by an order suspending the entire business of Mutual Fire absent the commissioner's consent and enjoining the commencement or prosecution of any action or the execution of any judgment against Mutual Fire in any court in Pennsylvania.

Twin City has filed the Arkansas judgment in this Court, and served upon Prudential Bache Securities, Inc., in Manhattan, a Restraining Notice to Garnishee concerning assets of defendant, and sought a Writ of Execution in enforcement of the

Arkansas judgment. Defendant Mutual Fire now moves this Court to vacate the restraining order served upon Prudential and to stay execution of the judgment to prevent disruption of the orderly rehabilitation of Mutual Fire under the supervision of the Pennsylvania Insurance Commissioner. Twin City has previously attempted to execute on its judgment in the states of Arkansas and Pennsylvania, and those actions have been stayed.

Mutual Fire claims that Twin City's effort to enforce its judgment in New York constitutes an improper attempt to obtain a preference on the assets of an insolvent company. Mutual Fire thus seeks protection under New York Insurance Law § 7414, which provides that:

> [d]uring the pendency of delinquency proceedings in this or any reciprocal state no action or proceeding in the nature of an attachment, garnishment, or execution shall be commenced or maintained in the courts of this state against the delinquent insurer or its assets.

The term "reciprocal state" is defined in New York Insurance Law § 7408(6) as:

> any state other than this state in which in substance and effect the provisions of this act are in force, including the provisions requiring that the insurance commissioner or equivalent insurance supervisory official be the receiver of a delinquent insurer.

These provisions were adopted by New York as part of the Uniform Insurers Liquidation Act. Although Pennsylvania has not formally adopted the Uniform Act, Mutual Fire argues that Pennsylvania is nonetheless a reciprocal state because it has adopted provisions similar to those of the New York act and does stay proceedings against insurance companies that are in rehabilitation in other states.

Plaintiff Twin City argues that Pennsylvania is not a reciprocal state because its procedures for the issuance of a suspension order have no counterpart in the law of New York. Whereas a delinquency proceeding in New York must be commenced by application to a Court,[1] the Pennsylvania Insurance Commissioner can commence a delinquency proceeding without a court order and without notice or a hearing.[2] Although procedures exist in Pennsylvania for bringing formal delinquency proceedings before a court, those procedures were not resorted to in this case.

This difference, however, does not mean that Pennsylvania law "in substance and effect" fails to implement the Uniform Insurer's Liquidation Act as adopted in New York. For Pennsylvania to be a reciprocal state, the law of the two states need not be identical; the purpose of the Uniform Act was simply to break down some differences between states that had previously interfered with extension of comity to foreign delinquency proceedings.[3] The fact that a Pennsylvania delinquency proceeding can be initiated by the Commissioner of Insurance without a court order does not adversely affect New York interests and should not interfere with comity. Indeed, it could fairly be argued that Pennsylvania's direct action by the State Commissioner without prior court approval is more expeditious and effective than New York's statute which requires prior judicial approval, which appears to have become pro forma. Finally, if the availability of a hearing in court were deemed to be significant, concern is allayed by a provision in Pennsylvania's law that if the commissioner issues a summary order without a hearing, "the insurer may at any time waive the commissioner's hearing and apply for immediate judicial relief by means of any remedy afforded by law without first exhausting administrative remedies."[4] The

---

1. New York Insurance Law §§ 7409, 7410, 7417; In the *Matter of Stewart* (Citizens Cas. Co.), 23 N.Y.2d 407, 297 N.Y.2d 115, 244 N.E.2d 690 (1968).

2. 40 Pa.Stat.Ann. §§ 221.10 –.11.

3. *Kelly v. Overseas Investors, Inc.,* 24 A.D.2d 157, 264 N.Y.S.2d 586, 591 (1st Dept.1965), *rev'd on other grounds,* 18 N.Y.2d 622, 272 N.Y.2d 773, 219 N.E.2d 288 (1966).

4. 40 Pa.Stat.Ann. § 221.10(e).

absence of a hearing at the outset of a delinquency proceeding thus does not bar the issuance of a stay in deference to that proceeding.

Although New York courts have not ruled on whether Pennsylvania is currently a "reciprocal state," the concerns behind the Uniform Act indicate that it should be treated as one. In *Kelly v. Overseas Investors, Inc.,*[5] the Appellate Division examined whether Pennsylvania law provided for six "central remedies" supplied by the Uniform Act. Because Pennsylvania law at the time only provided for three out of six, it was found not to be a reciprocal state. Since *Kelly* was decided, however, Pennsylvania law has been altered to provide for each of the six remedies, namely: (1) that the insurance commissioner shall serve as receiver, 40 Pa.Stat.Ann. § 221.12, 221.15, 221.20; (2) authority for domiciliary receivers to proceed in non-domiciliary states, 40 Pa.Stat.Ann. § 221.55; (3) vesting of title to assets in the domiciliary receiver, 40 Pa.Stat.Ann. § 221.20; (4) provision for non-domiciliary creditors to have the option to proceed with claims before local ancillary receivers, 40 Pa.Stat.Ann. § 221.58; (5) uniform application of the laws of the domiciliary state to the allowance of preferences among claims, 40 Pa. Stat.Ann. § 221.61; and (6) prevention of preferences for diligent non-domiciliary creditors with advance information, 40 Pa. Stat.Ann. § 221.17. Given the criteria applied in *Kelly*, Pennsylvania qualifies as a reciprocal state.

It is not necessary, however, to rely on the conclusion that Pennsylvania is a reciprocal state. In *Kelly*, the Appellate Division found that even though Pennsylvania was not then a reciprocal state, it was still appropriate to extend comity to Pennsylvania by allowing its insurance commissioner, acting as a statutory liquidator, to pursue an action in the courts of New York. The court noted that the Uniform Act nowhere prohibits allowing such a privilege to a non-reciprocal state and that the purpose of the act was to "enlarge rather than to contract the areas for the operation of interstate comity."[6] Given that even under common law, New York courts had extended comity to delinquency proceedings in foreign states, the *Kelly* court concluded that it was appropriate to do so in the case before it as well.

In discussing New York common law, the *Kelly* court placed principal reliance upon *Martyne v. American Union Fire Ins. Co.,*[7] In that case, a Pennsylvania court, on application from the state attorney general, ordered the dissolution of an insurance company, to be supervised by the state commissioner of insurance. Plaintiff then sought to attach certain assets of the company in New York, and the Insurance Commissioner of Pennsylvania applied to have any orders in plaintiff's action declared null and void. The New York Court of Appeals, noting that there was no New York statute that required the attachment and that all creditors of the Pennsylvania corporation could be presumed to have been aware of that state's statutory provisions for liquidation, held that comity should be extended and the claims of the creditors stayed. The Court of Appeals stressed that it was not so much staying the action in deference to the Pennsylvania court's order, as it was respecting the statutory authority of the insurance commissioner to conduct the liquidation.[8] The Court also noted that "[t]he reasons for

**5.** 24 A.D.2d 157, 264 N.Y.S.2d 586, 591 (1st Dept. 1965), *rev'd on other grounds,* 18 N.Y.2d 622, 272 N.Y.S.2d 773, 219 N.E.2d 288 (1966).

**6.** *Id.* 264 N.Y.S.2d at 591. The only New York case to reach a contrary conclusion about the Uniform Act is *Dean Construction Co. v. Agricultural Insurance Co.,* 22 A.D.2d 82, 254 N.Y.S.2d 196 (2d Dept.1964). The precedential value of *Dean,* however, is undermined by the subsequent decision in *Kelly,* especially since the

Court of Appeals, while reversing on other grounds, expressed agreement with *Kelly's* conclusion regarding the effect of the Uniform Act. *See G.C. Murphy Co. v. Reserve Ins. Co.,* 74 A.D.2d 235, 427 N.Y.S.2d 800, 803–04 (1st Dept. 1964).

**7.** 216 N.Y. 183, 110 N.E. 502 (1915).

**8.** 216 N.Y. 183, 192–95, 110 N.E. 502 (1915).

extending the rule of comity between the states are constantly increasing. It should when practicable be extended, and not curtailed."[9]

The instant case differs from *Martyne* in that the Pennsylvania commissioner has not been appointed receiver and has not taken title to Mutual Fire's assets. Nonetheless, the Order of Suspension issued by the Pennsylvania Commissioner does suspend the entire business of Mutual Fire and forbids any transactions of business without the prior written consent of the commissioner; counsel for Mutual Fire has stated that a formal rehabilitation plan is being developed. The fact that such proceedings have begun of course leads creditors to seek to attach assets and to obtain priority over other creditors. In so doing, they may impair Mutual Fire's chances of rehabilitation. Under these circumstances, New York's policy of respecting, where possible, the law of other states regarding delinquency proceedings, should be enforced by issuing a stay. In sum, the broad policy of denying to one creditor preference over other similarly situated creditors is paramount.

Defendant's motion to vacate the restraining order and stay execution of the Arkansas judgment in this Court is granted.

So ordered.

---

9.  216 N.Y. 183, 194, 110 N.E. 502 (1915).