■ LACES ROLLER CORP., Appellant, v AMBASSADOR INSURANCE COMPANY, Respondent, et al., Defendant.—In an action, *inter alia,* to compel the defendant Ambassador Insurance Company (hereinafter Ambassador) to defend and indemnify the plaintiff regarding all claims or occurrences within a policy period, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County

(Kutner, J.), dated May 6, 1986, as, upon renewal, *inter alia,* granted the defendant Ambassador's motion to dismiss the complaint as against it.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant Ambassador moved to dismiss the complaint as against it prior to answering upon the ground that the court did not have subject matter jurisdiction. The court denied this motion without prejudice to renew upon service of all papers on the Commissioner of Banking and Insurance of the State of Vermont. The plaintiff then moved to enter a default judgment against Ambassador, arguing that Ambassador had failed to answer the complaint. Ambassador opposed this motion and simultaneously moved to renew its original motion. The Supreme Court, Nassau County, granted Ambassador's motion and denied the plaintiff's motion. We agree.

The record shows implicitly that the short delay in making the renewed motion was due to Ambassador's need to make service on the Commissioner of a complex set of motion papers and it shows explicitly that the original and renewed motion set forth merit to Ambassador's contentions.

Further, although the plaintiff contends that Ambassador's substituted counsel failed to demonstrate that it maintains an office in the State of New York *(see,* Judiciary Law § 470), Ambassador's renewed notice of cross motion shows that the substituted attorneys in fact maintain an office in New York. Accordingly, we reject the plaintiff's contention that the court should not have entertained Ambassador's renewed motion to dismiss.

Reaching the issue of subject matter jurisdiction, for reasons stated in Justice Kutner's decision, we affirm his conclusion that "Vermont is a 'reciprocal state' within the meaning of the Uniform Insurers Liquidation Act as enacted in New York (Insurance Law, § 7408 *et seq.),* since it [Vermont] has enacted such act in substance and effect". Accordingly, the order of the Superior Court of the State of Vermont dated November 10, 1983, should be accorded recognition and effect sufficient to bar this action by the plaintiff against Ambassador. Niehoff, J. P., Eiber, Kunzeman and Harwood, JJ., concur.