■ PUBLIC SERVICE TRUCK RENTING, INC., Plaintiff, v AMBASSADOR INSURANCE COMPANY et al., Defendants. MERCHANTS MUTUAL INSURANCE COMPANY, Individually and as Subrogee of TOTH TRUCKING COMPANY, INC., Respondent-Appellant, et al., Plaintiff, v AMBASSADOR INSURANCE COMPANY, INC., Respondent-Appellant, FIREMAN'S FUND INSURANCE COMPANY, Respondent, and PUBLIC SERVICE TRUCK RENTING, INC., Appellant and Third-Party Plaintiff-Respondent. GENATT ASSOCIATES, INC., Third-Party Defendant-Respondent-Appellant.—Order unanimously affirmed without costs. Memorandum: The general rule is that "an insurer may not be subrogated to a claim against its own insured, at least when the claim arises from an incident for which the insurer's policy covers that insured" *(Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465, 471). In that case, however, the subrogation claim was based upon an express agreement by the insured to indemnify the subrogor for the same risk *(see also, Fowler v Stillwater Assocs.,* 169 AD2d 226 [decided herewith], where the insured also expressly agreed to indemnify for the same risk and this Court applied the general rule). In the subject case, the subrogation claim seeks to recover for a breach of the additional insured's promise to provide insurance coverage, an obligation completely distinct from the obligation to indemnify *(see, Kinney v Lisk Co.,* 76 NY2d 215). We conclude that the general rule has no application in this instance.

Supreme Court properly determined that the motions for summary judgment on causes of action asserted by or against Ambassador Insurance Company should be denied and that further proceedings should be stayed during the pendency of liquidation proceedings in Vermont. Although Vermont has not enacted the Uniform Insurers Liquidation Act *(see,* Insurance Law §§ 7408-7415), its statutory scheme is similar in nearly every material respect affecting reciprocity *(see, Kelly v Overseas Investors,* 24 AD2d 157, 160-161, *revd on other grounds* 18 NY2d 622). Thus, Vermont has enacted the Uni-

form Act "in substance and effect", and Vermont is a "reciprocal state" within the meaning of Insurance Law § 7408 (b) (6) *(Laces Roller Corp. v Ambassador Ins. Co.,* 134 AD2d 408; *see also, Murphy v Ambassador Ins. Co.,* 195 NJ Super 274, 478 A2d 1243).* Under the circumstances, a stay of further proceedings in this action would promote the purposes of the Uniform Act and the interests of comity by giving effect to the automatic stay imposed by the liquidation order in Vermont Superior Court. (Appeals from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Boomer, J. P., Pine, Balio, Lawton and Davis, JJ.