**Mark S. ROSE and Fredric G. Rose, Plaintiffs,**

**v.**

**The FIDELITY MUTUAL LIFE INSURANCE COMPANY and AmSouth Bank of Florida, Defendants.**

**No. 01CV5696(ADS).**

United States District Court, E.D. New York.

July 2, 2002.

 

The Law Office of William R. Garbarino, Sayville, NY (Donald R. Hamill, of Counsel), for the Plaintiffs.

Lasky & Steinberg, P.C., Garden City, NY (Scott L. Steinberg, of Counsel), for the Defendant The Fidelity Mutual Life Insurance Company.

Silverman Perlstein & Acampora LLP, Jericho, NY (Anthony C. Acampora, of Counsel), for the Defendant AmSouth Bank.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The plaintiffs Mark S. Rose and Fredric G. Rose (collectively, the "plaintiffs") allege that the defendants The Fidelity Mutual Life Insurance Company ("FMLIC") and the AmSouth Bank of Florida ("AmSouth") failed to pay them proceeds under a life insurance policy. The plaintiffs originally commenced this action in the Supreme Court of the State of New York, Suffolk County. FMLIC and AmSouth removed the action on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(a). Presently before the Court is a motion by FMLIC to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Also, the plaintiffs move to sever the action so as to proceed only against the defendant AmSouth pursuant to Rule 42(b) of the Federal Rules of Civil Procedure.

### I. BACKGROUND

The following facts are taken from the complaint unless indicated otherwise. In July of 1986, FMLIC issued a life insurance policy (the "Policy") on the life of one Michael Montana in the face amount of

$2,000,000. *See* Affidavit of William S. Taylor, the Deputy Insurance Commissioner of the Commonwealth of Pennsylvania executed on September 20, 2001 submitted in support of FMLIC's motion to dismiss ("Taylor Affidavit") ¶ 6. Sometime thereafter, the plaintiffs entered into a "split dollar agreement" with Montana. As part of the "split dollar agreement", Montana assigned the Policy to the plaintiffs.

On November 6, 1992, the Commonwealth Court of Pennsylvania (the "Commonwealth Court") placed FMLIC into rehabilitation in accordance with the Insurance Department Act of 1921. *Maleski v. Fid. Mut. Life Ins. Co.*, No. 92–389, slip op. (Pa.Commw.Ct. Nov. 6, 1992). In addition, the Commonwealth Court appointed the Pennsylvania Insurance Commissioner as Rehabilitator of FMLIC and directed her to "take possession of [FMLIC's] property, business and affairs . . . and to take such action as the nature of this case and the interests of the policyholders, creditors, or the public may require." *Id.* at 2. Furthermore, the Commonwealth Court directed that:

> All persons, in the Commonwealth or elsewhere, are enjoined and restrained from: (a) instituting or further prosecuting any action in law or equity against [FMLIC] or the Rehabilitator; (b) obtaining preferences, judgments, attachments, garnishments or liens against [FMLIC], the Rehabilitator, or [FMLIC's] assets and property; (c) levying any execution process against [FMLIC], the Rehabilitator or [FMLIC's] assets and property in the Commonwealth of Pennsylvania or elsewhere; and (d) making any assessments or indirectly collecting such assessments by setting them off against amounts otherwise payable to [FMLIC].

*Id.* at 6.

On February 11, 1998, the Commonwealth Court established a process for the adjudication of claims made against FMLIC. *Koken v. Fid. Mut. Life Ins. Co.*, No. 92–389, slip op. (Pa.Commw.Ct. Feb. 11, 1998). The Commonwealth Court required that all claims against FMLIC be presented and pursued in the context of the rehabilitation proceeding in Pennsylvania. *Id.* ¶¶ 1–6. Finally, the Commonwealth Court emphasized that it "maintain[s] sole and exclusive jurisdiction, to the exclusion of all other courts or tribunals, over and all assets of [FMLIC] of whatsoever kind or nature and wherever or however owned or held, whether directly or indirectly." *Id.* ¶ 7.

On March 21, 1999, Montana died. Thereafter, the plaintiffs provided the assignment of the Policy to FMLIC and demanded $351,574 from the proceeds of the Policy. AmSouth also demanded that FMLIC pay it the proceeds from the Policy pursuant to an assignment made by Montana to AmSouth in January of 1997. *See* Taylor Affidavit ¶ 7. Based upon the assignment to AmSouth, FMLIC paid it the entire proceeds of the Policy. The plaintiffs then demanded that AmSouth pay them $351,574. This request was refused.

On June 25, 2001, the plaintiffs filed a complaint against the defendants in the Supreme Court of the State of New York, Suffolk County. The complaint seeks to recover the sum of $351,574 under theories of common law conversion, negligence and breach of contract. On August 24, 2001, the defendants removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(a). FMLIC now moves to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) on the ground that any claim against it must be adjudicated in the ongoing rehabilitation proceeding in Pennsylvania. The plaintiffs move to sev-

er the action pursuant to Rule 42(b), so as to proceed separately against the defendant AmSouth.

## II. DISCUSSION

### A. The Standard of Review

With regard to a motion under Rule 12(b)(1), the Court may consider affidavits and other material beyond the pleadings to resolve the jurisdictional question. *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 141 n. 6 (2d Cir.2001); *Antares Aircraft, L.P. v. Fed. Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir.1991), *vacated on other grounds*, 505 U.S. 1215, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992); *Exch. Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1130 (2d Cir.1976). Under the provision of Rule 12(b)(1), the Court must accept as true all material factual allegations in the complaint, but will not draw inferences favorable to the party asserting jurisdiction. *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir.1998); *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir.1992). Hearsay statements contained in affidavits may not be considered. *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir.1986). FMLIC submitted affidavits and other material in support of its motion to dismiss. The Court will consider such material to the extent they are relevant to the issue of jurisdiction.

### 1. The Uniform Insurers Liquidation Act

New York has adopted the Uniform Insurers Liquidation Act (the "UILA"). *G.C. Murphy Co. v. Reserve Ins. Co.*, 54 N.Y.2d 69, 77, 444 N.Y.S.2d 592, 429 N.E.2d 111 (N.Y.1981). The UILA "was adopted with the main purpose in mind of providing a uniform system for the orderly and equitable administration of the assets and liabilities of defunct multistate insurers". *Id.*

New York Insurance Law § 7412(a) provides: "[i]n a delinquency proceeding in a reciprocal state against an insurer domiciled in that state, claimants residing in this state may file claims either with the ancillary receiver, if any, appointed in this state, or with the domiciliary receiver." N.Y. Ins. Law § 7412(a) (McKinney 2000). A rehabilitation proceeding falls within the definition of a "delinquency proceeding." N.Y. Ins. Law § 7408(b)(2) (McKinney 2000). As such, when an insurer is undergoing rehabilitation in a "reciprocal state" and no ancillary receiver has been appointed in New York, a New York court cannot adjudicate an action brought against the insurer. The only option for the would-be plaintiff is to file a claim in the out-of-state rehabilitation proceeding. *See Maleski v. Landberg*, No. 93–5318, 1995 WL 10838, *1, 1995 U.S. Dist. LEXIS 154, at *2 (S.D.N.Y. Jan. 12, 1995).

Pennsylvania is a "reciprocal state" to which New York's version of the UILA applies. *Twin City Bank v. Mut. Fire Marine & Inland Ins. Co.*, 646 F.Supp. 1139, 1141–42 (S.D.N.Y.1986), *aff'd without opinion*, 812 F.2d 713 (2d Cir.1987). In addition, there has been no ancillary receiver appointed for FMLIC in New York. *See* Taylor Affidavit ¶ 3. Thus, the plaintiffs who are New York residents must pursue their claims against FMLIC in Pennsylvania. *See G.C. Murphy Co.*, 54 N.Y.2d at 80, 444 N.Y.S.2d at 592, 429 N.E.2d 111 ("[W]hatever the nature of the claim asserted, absent the appointment of an ancillary receiver, the Uniform Insurers Liquidation Act requires that the claimant prove his claim in the domiciliary liquidation proceedings.").

Accordingly, the motion to dismiss the complaint against FMLIC is granted with-

out prejudice. As such, the plaintiffs' motion to sever is denied as moot.

### III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED,** that the motion to dismiss the complaint against FMLIC is **GRANTED;** and it is further

**ORDERED,** that the motion to sever is **DENIED;** and it is further

**ORDERED,** that the plaintiffs and Am-South are directed to appear forthwith before United States Magistrate Judge William D. Wall for the completion of discovery.

**SO ORDERED**.