Filed 3/8/13  Lumbermens Mutual Casualty Co. v. Superior Court CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY, <br><br>    Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF MARIN COUNTY, <br><br>    Respondent; <br><br> MARIN CLEANERS, <br><br>    Real Party in Interest. | A137141 <br><br> (Marin County <br> Super. Ct. No. CIV 1105680) |

By the Court:[1]

Lumbermens Mutual Casualty Company (Lumbermens) seeks a writ of mandate directing the superior court to stay or dismiss proceedings in a lawsuit involving Lumbermens and its insured, Marin Cleaners.  Lumbermens asserts stay or dismissal is warranted because it is presently subject to an "Agreed Order of Rehabilitation" (rehabilitation order) issued by the Cook County Circuit Court, Illinois, which enjoins all persons from prosecuting any lawsuits against Lumbermens, and the rehabilitation order is effective in California under the Uniform Insurers Liquidation Act (UILA; Ins. Code,[2] § 1064.1 et seq.).  Finding merit in Lumbermens' contention, we grant the petition.

_____

[1] Before Marguiles, Acting P.J., Dondero, J., and Banke, J.

[2] All statutory references are to the Insurance Code.

# I. BACKGROUND

In April 2012, Lumbermens filed a first amended complaint for declaratory relief and equitable contribution against Insurance Company of the West (ICW) and Marin Cleaners, real party in interest in this writ proceeding. The complaint alleged Marin Cleaners operated a dry cleaning business at certain real property in San Rafael for over 50 years and in 2007, the California Regional Water Quality Control Board (RWQCB) identified Marin Cleaners as a possible source of a chemical contaminant in the groundwater near the property. As a result of RWQCB directives, Marin Cleaners retained environmental consultants, began investigation and remediation work at the property, and tendered claims to Lumbermens and ICW for defense and indemnity under policies of insurance issued by them to Marin Cleaners. Lumbermens agreed to defend under a reservation of rights, but stated it would not pay remediation costs. ICW refused to participate in the defense. In its complaint, Lumbermens requested, among other things, the court declare it had no duty to defend or indemnify Marin Cleaners for costs associated with the RWQCB action. In September 2012, Marin Cleaners filed a first amended cross-complaint against Lumbermens, seeking damages for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief.

In July 2012, the Circuit Court of Cook County, Illinois entered a rehabilitation order, placing Lumbermens into rehabilitation pursuant to article XIII of the Illinois Insurance Code. (215 Ill. Comp. Stat. 5/187 et seq. [Ill. Ins. Code, art. XIII].) The rehabilitation order appointed the Director of Insurance of the State of Illinois as the rehabilitator of Lumbermens, and directed him to take immediate possession of its property, business and affairs, and vested authority in him to "take such actions as the nature of the cause and the interests of Lumbermens, . . . [its] policyholders, claimants, beneficiaries, creditors, or the public may require. . . ." The rehabilitation order also issued mandatory and prohibitive injunctions, including the following: "[A]ll other persons and entities having knowledge of this Order are restrained and enjoined from bringing or further prosecuting any claim, action or proceeding at law or in equity or otherwise, whether in this State or elsewhere, against Lumbermens . . . , or their property

2

or assets, or the Director or Rehabilitator, except insofar as those claims, actions or proceedings arise in or are brought in the rehabilitation proceedings prayed for herein; or from obtaining . . . judgments . . . against Lumbermens . . . ."

In July 2012, Lumbermens filed a motion to stay or dismiss the entire action in light of the above rehabilitation order. Lumbermens argued the action should be stayed or dismissed on the grounds the Illinois court order enjoining proceedings against Lumbermens is enforceable in the California Superior Court under the UILA. Subsequently, the trial court denied the motion, ruling the Illinois court lacked in personam jurisdiction over Marin Cleaners and California's UILA statutes did not preclude Marin Cleaners' in personam action for breach-of-contract damages against Lumbermens.

## II. DISCUSSION

California's version of the UILA[3] governs proceedings against any insurer subject to a "delinquency proceeding" in a "reciprocal state." (See § 1064.1, subds. (b) & (f).) Here, the proceedings involving Lumbermens are subject to the UILA because Illinois is a reciprocal state. (See "Table of Jurisdictions Wherein Act Has Been Adopted," 42A West's Ann. Ins. Code (2005 ed.) preceding § 1064.1, p. 347.) Where the UILA applies, the Legislature has deemed it "shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states that enact it." (§ 1064.12, subd. (b).) Moreover, where the UILA's provisions conflict with other sections of the Insurance Code, the UILA controls. (§ 1064.12, subd. (b).)

In pertinent part, the UILA provides, "*Controverted claims belonging to claimants residing* in this state may *either* (1) be proved in the domiciliary state as provided by the laws of that state, *or* (2), *if ancillary proceedings have been commenced in this state*, be proved in those proceedings. In the event that any such claimant elects to prove his or her claim in this state, he or she shall file his or her claim with the ancillary receiver in

---

[3] Under section 1064.12 California's version of the UILA may be referred to as the "Uniform Insurers Rehabilitation Act."

3

the manner provided by the law of this state for the proving of claims against insurers domiciled in this state, and he or she shall give notice in writing to the receiver in the domiciliary state, either by registered mail or by personal service at least 40 days prior to the date set for hearing.  The notice shall contain a concise statement of the amount of the claim, the facts on which the claim is based, and the priorities asserted, if any.  If the domiciliary receiver, within 30 days after the giving of notice, shall give notice in writing to the ancillary receiver and to the claimant, either by registered mail or by personal service, of his or her intention to contest that claim, he or she shall be entitled to appear or to be represented in any proceeding in this state involving the adjudication of the claim.  *The final allowance of the claim by the courts of this state shall be accepted as conclusive as to its amount, and shall also be accepted as conclusive as to its priority, if any, against special deposits or other security located within this state.*"  (§ 1064.5, subd. (b), italics added.)

Because no ancillary delinquency proceedings have been commenced against Lumbermens in California, Lumbermens contends Marin Cleaners' remedy under section 1064.5 is to file and prove its claims in the rehabilitation action in Illinois, and therefore, the California action should be stayed or dismissed.  Lumbermens' contention accords with a plain reading of the statute and is also consistent with out-of-state cases that interpret the UILA to require claimants to file claims against an insolvent insurer in the state where delinquency proceedings are initiated unless an ancillary receiver has been appointed in their state.  (See *Rose v. Fidelity Mut. Life Ins. Co.* (E.D.N.Y. 2002) 207 F.Supp.2d 50, 53 [where no ancillary receiver was appointed in New York, the UILA requires New York residents to file claims with domiciliary receiver in Pennsylvania rehabilitation proceeding]; *Integrity Ins. Co. v. Martin* (Nev. 1989) 769 P.2d 69, 70 [absent appointment of an ancillary receiver in Nevada, the UILA requires "claimant prove his claim in the domiciliary state"]; *G. C. Murphy Co. v. Reserve Ins. Co.* (N.Y. 1981) 429 N.E.2d 111, 115 (*Murphy*) ["in the absence of an ancillary receiver in New York, [plaintiff] must pursue its claim against the liquidator in Illinois"].)

Marin Cleaners acknowledges the UILA precludes any action against a delinquent insurer in the nature of an attachment, garnishment or execution. (See § 1064.9 ["During the pendency of delinquency proceedings in this or *any reciprocal state*, no action or proceeding in the nature of an attachment, garnishment, or execution shall be commenced or maintained in the courts of this state against the delinquent insurer or its assets. . . ."] (Italics added.).) However, Marin Cleaners asserts the UILA does not preclude its in personam, breach-of-contract action because it is not an attachment, garnishment, or execution against Lumbermens' assets.

Marin Cleaners relies on two cases from the federal courts, *Hawthorne Savings v. Reliance Ins. Co.* (9th Cir. 2005) 421 F.3d 835 (*Hawthorne*) and *Wallis v. Centennial Ins. Co.* (E.D.Cal. Jan. 31, 2012, CIV. 08-02558 WBS GGH) 2012 U.S. Dist. LEXIS 11655 (*Wallis*). The *Hawthorne* court addressed the issue of whether "[u]nder California law, . . . California state courts must defer to rehabilitation and liquidation proceedings commenced in Pennsylvania" in plaintiff's contract action against insurer. (*Hawthorne,* at p. 852.) Noting an absence of California precedent, the court adopted the principle enunciated in *Hoiness-LaBar Ins. Co. v. Julien Const. Co.* (Wyo. 1987) 743 P.2d 1262 and *Fuhrman v. United America Insurors* (Minn. 1978) 269 N.W.2d 842—"reciprocity does not apply to the determination of in personam legal rights, as opposed to the enforcement of any resulting judgment against the estate of an insolvent company in state court proceedings," since "an action in personam to establish the extent of an insolvent's liability on a claim is held not to interfere with the receivership res." (*Hawthorne,* at pp. 854–855.)

Moreover, the *Hawthorne* court opined that "[t]he text of the UILA manifests this principle" and distinguishes between in personam actions against the insurer and those directed against the receivership res. (*Hawthorne, supra,* 421 F.3d at p. 855.) On this point, the court focused on section 1064.9, reasoning that because the section precludes only actions or proceedings "*in the nature of an attachment, garnishment, or execution*" against the delinquent insurer or its assets in California courts, it permits any other type of action or proceeding. (*Hawthorne,* at p. 855, italics added.) On that basis, the

5

*Hawthorne* court concluded "a California state court would not stay its proceedings but would decide the merits of this dispute, as did the district court." (*Id.* at p. 856.)

However, in making that determination, *Hawthorne* looked only to that portion of the UILA prohibiting a garnishment, attachment or execution under section 1064.9. For reasons unexplained in the opinion, *Hawthorne* failed to discuss section 1064.5, which, as noted above, specifically governs controverted claims belonging to claimants residing in this state and provides only two options for such claims—either prove the claim in Illinois or prove it in California, *if ancillary proceedings have been commenced in this state*. Because *Hawthorne* ignored section 1064.5, it does not advance Marin Cleaners' cause.

Marin Cleaners fares no better in its reliance on *Wallis.* In *Wallis,* the federal district court addressed an insurer's motion to stay an action on account of liquidation proceedings in New York. The *Wallis* court rejected the insurer's argument that pursuant to section 1064.5 California residents must file claims against a delinquent New York insurer in New York if no ancillary proceedings had been commenced in California. Rather, the *Wallis* court reasoned section 1064.5 is a permissive statute that allows claimants to file their claims with the receiver and section 1064.9 is a mandatory statute that limits the type of actions that can be filed in court against a delinquent insurer. (*Wallis, supra*, 2012 U.S. Dist. LEXIS 11655 at pp. *8–*9.) Thus, according to the *Wallis* court, "Section 1064.5 . . . qualifies as an alternative remedy to claimants who would prefer to not pursue their in personam action in court or who are barred from pursuing their in rem action in court pursuant to section 1064.9." While "the law . . . requires that in rem claims be filed with the appropriate receiver, . . . in personam actions may either proceed in court or be filed with the receiver." (*Wallis,* at p. *10.)

The *Wallis* court's interpretation does not accord with the purpose of section 1064.5 or with the intent of the UILA as a whole. Section 1064.5 addresses the filing and proving of claims by residents of this state against delinquent insurers *domiciled in reciprocal states*. Specifically, section 1064.5 states residents may file their claims "either with the ancillary receiver, if any, appointed in this state, or with the domiciliary

6

receiver." (§ 1064.5, subd. (a).) Also, residents may prove any controverted claims in the domiciliary state or in ancillary proceedings in California, if ancillary proceedings have been commenced. (See § 1064.5, subd. (b).) Accordingly, section 1064.5 governs *all claims* by California residents against a delinquent insurer domiciled in a reciprocal state, both controverted and uncontroverted; its sweep is comprehensive and permits no exception for an "*in personam* action," as asserted by Marin Cleaners.

Furthermore, the public policy behind the UILA favors issuance of the writ. As the New York Court of Appeals explained, "By enacting the Uniform Insurers Liquidation Act, our Legislature has determined that such occasional instances of adversity [to state residents] are outweighed by the paramount interest of the various States in seeing that insurance companies domiciled within their respective boundaries are liquidated in a uniform, orderly and equitable manner without interference from external tribunals." (*Murphy, supra,* 429 N.E.2d at p. 117.)

For these reasons, we grant the writ relief requested by Lumbermens.

### III. DISPOSITION

In accordance with our prior notification to the parties that we might do so, we will direct issuance of a peremptory writ in the first instance. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177–180.) Petitioner's right to relief is obvious, and no useful purpose would be served by issuance of an alternative writ, or by further briefing and oral argument. (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; see also *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1236–1237, 1240–1241; *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1240–1244.)

Let a peremptory writ of mandate issue commanding respondent the Superior Court of Marin County, in its case No. CIV 1105680, to vacate the order of October 10, 2012, denying petitioner's motion to dismiss or stay the action and, in the exercise of its discretion, to issue a new and different order either staying or dismissing the action. Petitioner is entitled to costs incurred in these writ proceedings. (See Cal. Rules of Court, rule 8.493(a)(1).) Our decision is final in this court immediately. (Cal. Rules of Court, rule 8.490(b)(3).)